Matthew M. Levy, J.
The creditor recovered a judgment against the debtor on October 31, 1960 for $7,258.13. An execution, issued to the Sheriff on November 3, 1960, was returned partially satisfied, leaving a balance due on the judgment of $5,150, plus interest. Prior thereto, the debtor had opened a savings account in his name in the Manufacturers Trust Company (now Manufacturers Hanover Trust Company) and, on August 5, 1954, he transferred those funds to an account in the same bank in his name in trust for one Lulu Paige. On November 2, 1960, he executed a withdrawal slip for the balance in this account to be paid1 ‘ by check to order of Sheriff of City of N. Y.” That balance amounts to $4,040.50.
The judgment creditor instituted these proceedings, supplementary to the judgment and execution, serving the bank with a third-party subpoena on March 16, 1961, wherein the bank was directed to appear and be examined with regard to its debt to the judgment debtor. In lieu of the examination the bank submitted an affidavit stating that it held this sum in the specified account, and that, in accord with its regulations, it would not deliver the proceeds without presentation of the passbook or the furnishing of security satisfactory to the bank in twice the amount of the sum to be paid. The judgment creditor does not have the passbook and has been unable to ascertain its whereabouts from the judgment debtor; and the judgment creditor has refused to furnish any security to the bank. Instead, he moved, upon notice to the judgment debtor and the bank, for an order directing payment to be made to the judgment creditor to apply to the unpaid balance of the judgment, without the presentation of the bankbook and without giving security to the bank.
In making his application for the relief now prayed for, the judgment creditor has invoked section 794 of the Civil Practice Act, which provides, pursuant to court order, for payment by a third person to the Sheriff or the judgment creditor of a debt owing by that third person to the judgment debtor. A permissive turnover order will issue under subdivision 1 of section 794 if the affidavits show that the third party is indebted to the *120 judgment debtor, and a mandatory order will be granted in pursuance of subdivision 2 of section 794 if it appears to the satisfaction of the court that the third party is indebted to the judgment debtor. Subdivision 2, which is the applicable provision here, forbids such order if the “ third party or judgment debtor shall show such facts as may be deemed by the court sufficient to entitle the said judgment debtor or third party to a trial of the issues in an action brought by the judgment creditor ’ ’. In other words, it is improper in the present proceeding to determine questions of fact with regard to the existence of the debt said to be owing to the judgment debtor by the third party; the instant motion may be defeated by a showing by the third party of facts sufficient for a trial (Kenney v. South Shore Natural Gas & Fuel Co., 201 N. Y. 89; Workmen’s Compensation Bd. v. Furman, 106 N. Y. S. 2d 404 ; 8 Carmody-Wait, New York Practice, § 138, p. 239 [1954]).
As the third-party respondent on this motion, the bank resists the application on three grounds: (1) the beneficiary named in the bankbook, Lulu Paige, is a necessary party, and the court is without jurisdiction to make any order in respect of the deposited fund unless she is made a party,- (2) an issue of fact is raised as to whether the judgment debtor created a tentative trust or an irrevocable trust, which issue may not properly be determined herein in a summary fashion, but rather in a plenary action; and (3) in any event, under the judgment debtor’s contract with the bank, payment cannot be demanded without production of the passbook or the furnishing of adequate security.
To the contrary, the movant urges (1) that Lulu Paige is not a necessary party, since this is a “ Totten Trust”, which is per s'e tentative, and the beneficiary of such a bank deposit has no present interest therein; (2) that there is no substantial question of fact as to the revocability of the trust, for such a trust is ipso facto revocable, and it has in fact been revoked by the withdrawal order signed by the judgment debtor; and (3) that no indemnity is properly to be forthcoming here, since subdivision 3 of section 238 of the Banking Law provides that payment without security may be made on the judgment or order of the court.
The form of deposit here made is what is commonly called a “ Totten Trust ”. The effect of such form of deposit is generally thought to create the presumption that the depositor intended to establish a revocable or tentative trust which would become irrevocable and pass to the named beneficiary upon the death of the depositor (Matter of Totten, 179 N. Y. 112). That is correct, but it is indeed more than that, and certain cireum *121 stances may have an important impact upon the legal rights of the parties, even during the lifetime of the depositor. That is to say, it 11 is a tentative trust merely, revocable at will ’ ’ not only “ until the depositor dies ” but also until he “ completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary ” (Matter of Totten, supra, p. 126; 1 Scott, Trusts [2d ed.], § 58.2).
So long as the trust is revocable and the settlor alive, the movant is correct in his contention that the beneficiary has no rights in the subject matter of the deposit (Matter of Herle, 165 Misc. 46). However, once the trust is made irrevocable, the funds are beyond the control even of the depositor, and he himself may in fact be liable to the beneficiary for any withdrawals he makes thereafter (Workmen’s Compensation Bd. v. Furman, 106 N. Y. S. 2d 404, 406, supra).
The fact that the passbook is missing thus becomes crucial in a consideration of the motion at bar. If the passbook was retained by the depositor, the trust, if revocable, may be reached by his creditors; furthermore, the withdrawal by him of the entire amount of the deposit would constitute a revocation of the trust and terminate the beneficiary’s interest. But if the passbook was delivered to the beneficiary with the intent to make the trust irrevocable, the withdrawal by the depositor would not only not diminish her interest but would render him liable for breach of fiduciary duty.
Thus it is that the presentation of the withdrawal slip, though signed by the judgment debtor, does not, without more, affect the situation. For, if the trust is in fact irrevocable the judgment debtor, as a trustee, would be violating his obligation as a fiduciary by withdrawing trust funds in order to apply them against a judgment obtained against him personally. In turn, of course, the third party would be potentially responsible for knowingly permitting a breach of fiduciary duty by the trustee. And the bank here is alerted to the danger because of the form of deposit and the absence of the passbook.
In this connection I read in subdivision 3 of section 794 of the Civil Practice Act: “ A payment thus made under either an order permitting such payment or directing it, is, to the extent thereof, a discharge of the indebtedness, except as against a transferee from the judgment debtor in good faith and for a valuable consideration of whose rights the third party had actual or constructive notice prior to the entry of the order.”
The issues thus raised cannot properly be disposed of on this motion but in a plenary action (Civ. Prac. Act, §§ 794, 795; *122 Kenney v. South Shore Natural Gas & Fuel Co., 201 N. Y. 89, supra; Matter of Powley v. Dorland Bldg. Co., 281 N. Y. 423).
It is obvious, therefore, especially where the passbook cannot be produced and its disappearance is unexplained, that Lulu Paige, as the beneficiary, is a necessary party to the proceeding, having an apparent interest in the subject matter. Otherwise the third party may be subject to a double liability. (See Porter v. Baldwin, 139 App. Div. 278, 283.) The third party cannot assume that the judgment debtor has done no act whereby an irrevocable trust has been created — by which is meant an act whereby the judgment debtor transferred his rights in the deposit to Lulu Paige — and therefore that he has no further interest therein.
As to security, the bank urges that its by-laws, providing for presentation of the bankbook or security, constitute a contract with the depositor, and that the judgment creditor, who steps into the shoes of the depositor, is bound by that contract. On the other hand, the judgment creditor relies, as I have said, upon subdivision 3 of section 238 of the Banking Law, to the effect that “ [p]ayments, however, may be made [by the third party] upon the judgment or order of a court ”.
It may be thought that a problem analogous to the one now before me arises under section 794 when the judgment creditor seeks direct payment from a bank which holds a debtor’s funds in his own name, but the creditor is unable to produce the passbook. It has been said — on excellent authority, but by way of dictum — that in “ the exceptional ease where it is shown that the book cannot be had and the possibility of prior assignment remote, the creditor would' be entitled to payment without further restriction ” (Steuer, J., in Matter of Reese v. Chappelle, 206 Misc. 887, 889; see, also, Macy & Co. v. Tyler, 21 Misc 2d 998). But the distinction between the thought thus expressed and the situation in the case at bar is pointed out in a precedent cited by the movant himself: Matter of Swytak v. Duda (182 Misc. 285). The court there noted (p. 286), in granting the motion to direct payment without indemnity, that “ [n]one of the elements of a trust, such as might prohibit the granting of the relief here requested, [is] present in this matter.”
I hold that the presence of the trust in the case at bar, the nonproduction of the passbook, and the issue of fact as to whether the bank is indebted to the depositor or the beneficiary would require the denial of the motion. (See, in addition to the cases hereinbefore cited, National School of Dress Design v. Gallo, City Ct., Bronx County, Special Term, Part I, Evans, J., N, Y, L. J., Feb, 11, 1952, p. 572, col, 7.) Snob determination *123 would, of course, be without prejudice to the institution and prosecution of a plenary suit.
I have thus far discussed the issue as presented by the parties. But I myself cannot overlook the fact that the plaintiff here is not a private suitor but is prosecuting this proceeding in his official capacity as the Commissioner of Welfare of the City of New York. The question, therefore, arises' — it would have seemed to me, quite naturally — whether security can or should be required of a department of the municipality which is, in fact, the judgment creditor.
There is no explicit statute precisely governing the situation. But I do find helpful enactments indicating general legislative policy. Thus, in section 162 of the Civil Practice Act, it is provided that: “Security by people, municipal corporation or public officer. Each provision of statute or rule requiring a party to give security for the purpose of procuring an order of arrest, an injunction order, or a warrant of attachment, or as a condition of obtaining any other relief, or taking any proceeding ; or allowing the court or a judge to require such security to be given, is to be construed as excluding an action brought by the people of the state, or by a domestic municipal corporation; or by a public officer, in behalf of the people or of such a corporation; except where the security to be given in such an action is specially regulated by the provision in question.”
Section 571 of the Civil Practice Act provides that “ [u]pon an appeal taken by a domestic municipal corporation * * * the service of the notice of appeal perfects the appeal and stays the execution of the judgment or order appealed from, without an undertaking or other security, unless the court requires security to be given ”.
Section 820 of the Civil Practice Act, which concerns itself with the liability of a municipal corporation as surety if security is dispensed with, provides: “In any action in which a domestic municipal corporation, or a public officer in behalf of such corporation, shall be excused by statute from giving security on procuring an order of arrest, an order of injunction or a warrant of attachment, such corporation shall be liable for all damages that may be sustained by the opposite party by reason of such order of arrest, attachment or injunction, in the same case and to the same extent as sureties to an undertaking would have been if such an undertaking had been given. ”
Subdivision 3 of section 238 of the Banking Law, in relation to regulations and restrictions as to repayment of deposits by savings banks in this State, provides, insofar as pertinent here, that “ a savings bank shall not pay, nor shall a depositor, his *124 assignee nor anyone claiming through a depositor, be entitled to receive any dividend or deposit, or portion of a deposit, unless the passbook of the depositor be produced and the proper entry be made therein at the time of the payment. The board of trustees, however, may provide in the by-laws for making payments in cases of loss of passbook, or other exceptional cases where the passbooks cannot be produced without serious inconvenience to depositors. * * * Payments, however, may be made upon the judgment or order of a court.”
The bank, which is the third party in the instant proceedings, has provided in its by-laws that payment to a depositor or anyone claiming through a depositor would not be made unless there was a production of the passbook or a double-indemnity bond was furnished. I need not decide whether such a by-law is unreasonable when applied to every case and irrespective of the facts in any case (see Elvira Apts. v. Kidd, 259 App. Div. 874; Yonkers-Cameo, Inc., v. Liossatos, 262 App. Div. 996; Myers v. Albany Sav. Bank, 270 App. Div. 466, affd. 296 N. Y. 562, motion for reargument denied 296 N. Y. 636). But, as pointed out by Rabin, J., when at Special Term, ‘ ‘ in certain cases the by-law may be held to be unreasonable ” (Matter of Moran v. Toth, 195 Misc. 570, 571). In that case, “ the rule of reasonableness [was] tested in a situation involving the enforcement of a mandate of this court ”. In the case at bar, it is being tested not only in a situation where it is sought — and in advance — to invoke that provision of the statute permitting payments to be made by the savings bank upon the order of the court, but also where the bank seeks to compel a municipal department to furnish security.
In my view, the by-law was not enacted with such a case in mind — and there is no proof to the contrary. If it was so adopted, I believe that it would be unreasonable to compel the city to furnish security by way of cash or surety. (Cf. McCarthy v. Roberson, Special Term, Part I, Supreme Ct., N. Y. County, N. Y. L. J., Nov. 18, 1954, p. 7, col. 2, Nathan, J.; City of New York v. Carasoulas, Special Term, Part I, Supreme Ct., N. Y. County, N. Y. L. J., Jan. 3, 1957, p. 7, col. 1, Saypol, J.; McCloskey v. National City Bank of N. Y., Special Term, Part I, City Ct., N. Y. County, N. Y. L. J., June 20, 1958, p. 7, col. 3, Baer, J.) On the other hand, the bank should not be required to make payment to the Commissioner in the circumstances of this case unless it be adequately indemnified by appropriate instrument.
Relying, then, upon the equitable powers of this court, implicit in its general jurisdiction (cf. City of Yonkers v. Federal Sugar Refining Co., 221 N. Y. 206, 212, motion for reargument denied *125 222 N. Y. 586) and the express statutory powers conferred by subdivision 2 of section 794 of the Civil Practice Act and subdivision 3 of section 238 of the Banking Law, I shall grant the motion upon condition that a due instrument of indemnity be given by the judgment creditor to the third party in accordance with section 394c-3.0 of the Administrative Code of the City of New York, which reads as follows: “ Bond or other security on behalf of city; by whom executed.— In all actions or proceedings, in either the state or United States courts, in which the city or any department thereof, shall be a party, an undertaking, bond, security, or stipulation which is required of the city as a condition to the obtaining of any legal remedy or process, or to the perfecting of an appeal or the stay of execution or other writ in the nature thereof, may be executed on behalf of the city by the comptroller, upon the advice of the corporation counsel that it should be executed, and in such form or manner as he may approve or advise.”
Settle order.