Birdie Amsterdam, J.
Petitioner is the mother and natural guardian of the three minor children involved herein. As such, she has instituted this proceeding, under the asserted authority of article 8-A of the Personal Property Law (New York Uniform Gifts to Minors Act), wherein she seeks to compel the respondent, her former husband and father of the minors, as custodian of certain savings accounts, to account, be removed, have herself appointed as successor custodian and other relief. The respondent has cross-moved to dismiss the petition for legal insufficiency.
The petition alleges that respondent in or about the year 1956, pursuant to article 8-A of the Personal Property Law of the State of New York, deposited sums of money in excess of $10,000 each in three separate savings accounts in respondent’s own name as custodian respectively for each of the three minor children and the moneys are in such deposit at the present time. The petition further alleges the respondent has failed and refused to make such funds available for the use, benefit and education of said infants and has failed and refused to account for his acts and proceedings as custodian, that such savings accounts are in imminent danger of conversion by respondent to his own use and benefit, and that petitioner should be substituted as successor custodian for said property under the provisions of article 8-A of the Personal Property Law.
Considering first the cross motion of the respondent to dismiss the petition, it is petitioner’s argument that the cross motion is defective since a cross motion to dismiss such a petition as this, can be made only within the limitations of rule 106 of the Rules of Civil Practice, and since that rule does not permit consideration of affidavits, the matter therein stated cannot be considered by the court, and the allegations of the petitioner herein must be treated as true and receive every favorable inference and intendment by the court.
*93 This position is untenable after a study of the petition. Without even reading the respondent’s affidavit, we find this specific language in the petition: “upon information and belief, commencing in or about the year 1956, Morton S. Muller, the respondent herein, transferred to said infant children, sums of money * * ® under Article Eight-A of the Personal Property Law Thus, on the face of the petition, the 1959 statute, of which this court must take judicial notice, does not apply. That statute, upon which this petition is predicated (art. 8-A aforestated) was not adopted as a law in this State until July 1, 1959. The deposits commencing in 1956 and made prior to the 1959 statute could not therefore be affected by the statute. Obviously, the statute could not operate retroactively. 'So much so that a statutory injunctive was provided in subdivision 3 of section 270 of the Personal Property Law to the effect that ‘1 the provisions of this article shall be deemed substituted for the provisions of said article eight-a repealed by the act enacting this article, except so far as such substitution may impair constitutionally vested rights.” Further, by virtue of section 6 of article I of the New York State Constitution “ No person shall be deprived of life, liberty, or property without due process ”. The deposits being made by respondent before 1959, the property was vested in him at the time of the enactment of article 8-A in 1959. Petitioner’s technical objection therefore is without merit.
Considering the merits, study of article 8-A, and its background, reveal that before July 1, 1959, it did not apply to gifts of money as alleged by petitioner. Enacted, and effective March 2, 1956 (L. 1956, ch. 35), article 8-A applied only to gifts of securities to minors. The entitlement of the statute is “ Gifts of Securities to Minors ”. This law was in effect through July 1, 1959 when it was repealed and the new statute enacted in its place (L. 1959, ch. 233) which then provided that gifts might be made to minors of any nature, including deposits of money.
It is therefore unquestionable that the original law in effect through 1956 to 1959 applies to securities and not gifts of money, which are alleged by the petitioner. The respondent has shown, uncontradicted by petitioner that the bank accounts with which we are here concerned, contained deposits of money only all made prior to the 1959 statute aforestated. The petition is therefore insufficient as a matter of law.
While petitioner has sought to bar the cross motion on the technical ground urged as hereinbefore discussed, she has nevertheless interposed her cross affidavit arguing the merits of the issues involved. Accordingly, this disposition is made upon the merits as well. Respondent has shown that neither the original *94 article 8-A, which related to securities alone, nor the present article 8-A applies to the facts here. Respondent made the deposits of $3,000 each on December 24,1956, December 30,1957 and December 30, 1958. They were therefore not more than “ Totten Trusts (Matter of Totten, 179 N. Y. 112.) The passbooks were retained by him. The money on deposit in a Totten Trust, remains the property of the donor until the event of his death. Petitioner has requested the relief stated upon the grounds that respondent has failed and refused to make the funds available for the use and benefit of the children, for travel expense to Europe and for school purposes. The petition alleges no misfeasance, malfeasance or nonfeasance within the terms of the statute. The use of the money by the children is sought, not for support, maintenance and education, as is usually contemplated, but rather for beneficial extraneous purposes. Assuming arguendo that article 8-A of the Personal Property Law does apply here petitioner fails to bring herself within the contemplation of section 266 of the Personal Property Law, which requires the custodian to pay to minors, or expend for their benefit “ .so much of or all the custodial property as the custodian deems advisable for the support, maintenance, education and benefit of the minor * * * to the extent that the custodian in his discretion deems suitable and proper ’ ’. The discretion is therefore with the custodian alone. It appears the accounts were opened by him to serve as additional funds beyond those he had provided them by way of the separation agreement with petitioner. Moreover, the purpose for which the petitioner predicates this application does not fall within the purview of “ support, maintenance and education ” or the word “ benefit ” as used in subdivision 2 of section 266.
For all of the foregoing reasons, the application is denied upon the law and upon the facts and the petition is dismissed.