J. Irwin Shapiro, J.
This is a special proceeding, apparently instituted under CPLR 5225 (subd. [b]), no provision of law being recited anywhere in the moving papers, “ for a judgment granting the relief demanded in the petition, upon the ground that the respondents, or some of them, are in the possession or custody of the personal property belonging to the respondent, Samuel Zaretsky, or in which he has an interest.”
The wherefore clause in the supplemental petition reads: ‘1 wherefore, petitioner respectfully requests that a judgment be entered directing Sandra Nebrasky to deliver said shares of stock to the Sheriff of the City of New York ”.
The gist of the supplemental petition is that the petitioner has a judgment against the respondent Samuel Zaretsky in the sum of $166,346.43 and that the respondent Sandra Nebrasky, daughter of respondent Samuel Zaretsky, is the record holder of all of the issued and outstanding stock in the Zaret Realty Corp., although in truth and in fact the judgment debtor is the actual owner thereof and that therefore they should be made subject to levy under petitioner’s judgment by having them delivered to the Sheriff of the City of New York.
The answer and answering affidavits raise issues of fact with regard to the verity of petitioner’s claim, thus precluding the summary granting of petitioner’s motion. Having come to that conclusion, the question arises whether that ends the court’s present obligation or whether the court must go further and order a summary hearing on the issues arising under the petition and answer.
CPLR 5225 (subd. [b]) provides: “ Property not in the possession of judgment debtor. Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor’s rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff. Costs of the proceedings shall not be awarded against a person who did not dispute the judgment debtor’s interest or right to possession. Notice of the proceeding shall also be served upon the judgment debtor in the same *330 manner as a summons or by registered or certified mail, return receipt requested. The court may permit the judgment debtor to intervene in the proceeding. The court may permit any adverse claimant to intervene in the proceeding and may determine his rights in accordance with section 5239.” (Emphasis supplied.)
Prior to the adoption of that section and in discussing the purpose of the last sentence thereof, underscored above, the Sixth Report to the Legislature by the Senate Finance Committee Relative to the Revision of the Civil Practice Act [1962] states (p. 486): “ The last sentence has been added to indicate that it is intended that the rights of all claimants can be determined on this proceeding. The sentence clarifies that the provision changes present law which requires a plenary action to determine rights.”
While CPLR 5239, adverted to in the last sentence of CPLR 5225 (subd. [b]), by its terms deals only with a situation in which a levy has been made by a Sheriff or property has been taken into possession by a receiver, and neither situation obtains here, it nevertheless seems obvious that the reference in CPLR 5225 (subd. [b]) to 5239 was designed to make the procedural provisions of the latter section applicable to a proceeding brought under CPLR 5225 (subd. [b]). Thus, when CPLR 5225 (subd. [b]) provides for a determination of “ rights in accordance with section 5239”, it brings into utilization that part of the latter section which provides that ‘ ‘ Where there appear to be disputed questions of fact, the court shall order a separate trial ’ ’.
It is thus obvious that in a special proceeding of this kind, where the ownership of and the right to levy upon particular property is involved, resort to a plenary action is no longer necessary. If the interest of the third person is purely possessory or custodial, title in fact being in the judgment debtor, the property is subject to disposition under CPLR 5225 (subd. [b]). Though formerly a summary disposition could only be made where there was no substantial dispute as to the judgment creditor’s rights (Civ. Prac. Act, § 796; Matter of Delaney, 256 N. Y. 315; Kenney v. South Shore Natural. Gas & Fuel Co., 201 N. Y. 89; Worthman, Collection of Money Judgments, § 64), it is now the law that even in the face of substantial factual disputes an adjudication of title and the right to possession of the property involved may be had in a special proceeding instituted under the authority of subdivision (b) set forth above without the necessity of a plenary lawsuit. (6 Weinstein-Korn-Miller, N. Y. Civ. Prac., p. 52-375.)
*331 Since in this case the parties are not entitled as of right to a jury trial of the disputed issues (cf. American Sur. Co. v. Conner, 251 N. Y. 1), the trial will not be governed by CPLR 410. The question arises as to the place where the trial is to be held. Should it be before the Justice who hears the motion in Special Term, Part I, or should it be referred for trial to Special Term, Part III, where equity issues are tried, or should it be referred to a Referee either to hear and report or to hear and determine ?
Motions of this character come on to be heard in Special Term, Part I. For a Judge who initially passes on the motion to assume the burden of sitting as a trier of the fact would be impractical for by the time he decides the motion and an order is entered thereon, he would ordinarily be assigned to and sitting in another branch of the court which might not be in the same building or even in the same county. Under such circumstances, for the purely practical purposes of calendar control the Judge hearing the motion should not become the trier of the disputed issues of fact. Referring the case for trial to Special Term, Part III, would also seem to be impractical for it would require the filing of a note of issue and the payment of a trial fee, none of which is provided for in summary hearings of this kind and, in addition, the disposition of the disputed issues would be placed in competition with the many other cases on the Special Term, Part III, Calendar. It would therefore seem that in order to conform with the intent and spirit of the law making unnecessary a plenary trial in cases of this character, a mode or method of disposition should be utilized that is truly summary in nature. The Special Referee system seems best adaptable to that purpose.
CPLR 4212 provides that “ Upon the motion of any party as provided in rule 4015 or on its own initiative, the court may submit any issue of fact required to be decided by the court * ® * upon a showing of some exceptional condition requiring it * * * to a referee to report. An order under this rule shall specify the issues to be submitted.”
Under the circumstances, a hearing is ordered and is referred to the Honorable Samuel S. Tripp, Special Referee, to hear and report under CPLR 4212, unless the parties stipulate that the issues “ shall be determined” by the Referee. (CPLR 4317.)
The order to be entered hereon shall specify the issues to be heard and reported upon or, as the case may be, to be determined by the Referee.
*332 Settle order, providing therein for service of a copy thereof upon the Clerk of the Special Referee Part, together with the names and addresses of the attorneys for the parties entitled to receive notice of the hearing herein.