Abraham N. Geller, J.
This proceeding involves the novel and interesting question of the effectiveness of a restraining notice served upon a bank specifying an account held in a name other than that of the judgment debtor as a debt owed to the judgment debtor or as property in which he has an interest.
After examining the individual judgment debtor in enforcement proceedings a restraining notice was served on respondent bank specifying several bank accounts, including two corporate checking accounts. Several days later checks closing out these corporate accounts signed by judgment debtor and payable to cash were honored by the bank, taking the position that there had been no adjudication as to judgment debtor’s interest in the corporate accounts and that judgment creditor’s mere specification in a restraining notice was unavailing as against the obligation placed by New York Uniform Commercial Code (§§ 4-302, 4-402) upon a bank to promptly honor checks duly drawn or render itself liable to its customer for damages caused by wrongful dishonor.
Judgment creditor thereupon brought this proceeding seeking judgment against the bank. The court held on the return day of the application that, by disregarding the restraining notice, the bank kqd taken the risk of liability for the damages sustained and contempt proceedings if the judgment creditor could establish that the specified accounts constituted debts owed to judgment debtor or property in which he had an interest. It directed that such issues be set down for trial.
In the meantime, basing its action on the judgment, judgment creditor brought on a motion pursuant to CPLR 3213 for summary judgment in lieu of complaint as against the two corpora *743 tions, which was granted on the ground that “ the judgment debtor has consistently treated the corporate monies exclusively as his own.”
Judgment creditor now moves to reargue, stating that the issues have been determined and that it is entitled to judgment against the bank in this proceeding. However, the bank was not a party to the CPLR 3213 action and is not bound by its determination. It is entitled to have the issues herein determined after a trial in which it has a right to participate.
The bank has cross-moved for reargument, urging that the restraining notice was ineffective as of the time of its service with respect to the corporate checking accounts and that, in any event, the questions presented cannot be resolved in a special proceeding but must be the subject either of a plenary action for damages or a motion to punish the bank for contempt.
The legislative history of the specification provision, confirmed by a 1965 amendatory bill and veto relating to it, clearly establishes the legislative intent in the enactment of the pertinent CPLR provisions to make a creditor’s specification of a debt or property in which he claims debtor has an interest effective to prevent payment or transfer until order or determination of the court.
Under the Civil Practice Act a specification was provided for only with respect to an attachment (see Civ. Prac. Act, § 910). The Advisory Committee in the Third Report proposed a broader specification provision for attachment and at the same time added a similar specification clause for a restraining notice. The Senate Finance Committee in the Sixth Report clarified the meaning of the specification clause, made more specific reference to the statement which the judgment creditor may include in the restraining notice, and added a provision for liability by a judgment creditor erroneously specifying a debt or property to the true owner for damages sustained by reason of the restraint. Significantly, it inserted the phrase, 1 ‘ including any specified in the notice,” in two places in the sentence reading (N. Y. Legis. Doc., 1962, No. 8, p. 582): “All property in which the [judgment debtor] is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the [judgment debtor], shall be subject to the levy. ’ ’
The attachment provision, CPLR 6214 (subd. [b]), was likewise amended and a similar specification was added for the first time in the execution section, CPLR 5232.
*744 The person served with a restraining notice, execution or attachment “is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court” for one year or until the judgment is satisfied or vacated, whichever first occurs (in the case of a restraining notice) or for 90 days or until payment or transfer is made, whichever first occurs (in the case of an execution or attachment)". In all three sections there is the identical provision making the creditor liable for an erroneous specification to the true owner for the damages caused by such restraint of payment or transfer imposed on the person served.
In 1965 the Legislature passed a bill amending these three CPLR sections to provide for a bond to indemnify a bank against liability to a third person whose bank account has been specified in a restraining notice or notice served with an execution or order of attachment as being property in which the debtor has an interest. The (Governor’s veto message, dated May 28, 1965, contains the following statements: “ While the present law with respect to restraining notices, attachments or executions may create unique burdens for banking institutions warranting some remedial legislation, this bill cannot be approved in its present form because it would unnecessarily hamper judgment creditors in the collection of their judgments. * * * If there is any question that the banking institution would be liable to the true owner of the debt or property in such cases, it may be preferable to relieve the banking institution by express statute from any such possible liability, rather than to impose cumbersome surety requirements. ’ ’
Analyzing CPLR 5222 in the light of this legislative review, the following conclusions may reasonably be drawn. A judgment creditor’s specification of debt or property in a restraining notice is binding on the person served to the extent of forbidding payment or transfer except pursuant to an order of the court. If such person does make payment or transfer in disregard of the restraining notice, he takes the risk of liability for damages and contempt if the judgment creditor can establish that the debt was owed to the judgment debtor or that he had an interest in such property. Judgment debtor’s “ interest” in property must be understood to mean a direct interest in the property itself which, while it may require a court determination, is leviable, and not an indirect interest in the proceeds of the property, such as that of a stockholder in the entity to which *745 the property belongs. Though a bank is liable to its customer for “ wrongful dishonor ” under the New York Uniform Commercial Code, it is forbidden under CPLR 5222 to honor withdrawals from an account specified in a restraining notice, except pursuant to court order. Since a bank is thus restrained under a statute subsequent to the one creating a liability to its customer, any question of liability should yield to the consideration that the temporary dishonor of a customer’s checks after service of a restraining notice as required by law cannot be said to be wrongful. The statute provides a remedy for such a situation— liability of the judgment creditor for damages sustained by the true owner by reason of the restraint. The restraint can be vacated upon a proper showing by application to the court, which may also impose costs and disbursements. Judgment creditor should have substantial ground for believing that judgment debtor has an interest in such property or debt, since, if mistaken, he renders himself liable for damages and costs and disbursements. Properly used, a specification in a restraining notice may be an important aid to judgment creditors whose difficulties in collecting their judgments were stated to be a matter of concern in the recent revision of our civil procedure.
Finally, as to the procedural matter raised regarding the form of action or proceeding, CPLR 5225 (subd. [b]), dealing with property not in possession of judgment debtor, and CPLR 5227, dealing with payment of debts owed to judgment debtor, provide for a special proceeding commenced by the judgment creditor, in the former, against a person in possession of property in which judgment debtor has an interest and, in the latter, against any person shown to be indebted to judgment debtor, with judgment therein in favor of judgment creditor directed against such person. Judgment debtor and any adverse claimant may be permitted by the court to intervene. The Sixth Report (N. Y. Legis. Doc., 1962, No. 8, p. 486) made some changes, stating as to both CPLR 5225 and 5227 that this “ clarifies that the provision changes present law which requires a plenary action to determine rights.”
The special proceeding instituted against respondent bank has been properly brought. Judgment creditor is not relegated to a plenary action because of the circumstance that the bank chose to disregard the specification in the notice and pay out the moneys represented by the specified accounts.
Both the motion and cross motion for reargument are denied.