Markowitz, J.
(dissenting). Petitioner, a judgment creditor, brought this special proceeding (CPLR 5225, subd. [b] and CPLR 5227) for an order requiring respondent bank to pay petitioner the unpaid balance of petitioner’s judgment against Catalog Workshop, Inc., in the amount of $6,726.06, with interest and Marshal’s fees. The petition was dismissed below on motion.
Catalog Workshop, Inc. (Catalog) had received a certified check to its own order for $13,000 from Pootsaver Building Corp. Catalog had no account with the bank. Nevertheless, the bank exchanged the certified check for the bank’s own check to the order of Natcontainer Corp., an entirely different corporation. Absent proof that Catalog owed Natcontainer Corp. the amount of the bank check, this constituted a conversion of Catalog’s *990 money in which the bank participated and for which the bank may be found liable to Catalog.
As well put in Weinstein-Korn-Miller, New York Civil Practice (Yol. 6, par. 5227.04):
1 ‘ Under the Civil Practice Act, the scope of the word ‘ indebtedness ’ was characterized as ‘ rather all-inclusive ’. CPLR 5227 should be given a similar interpretation in view of the sweeping definition of debts that are subject to enforcement of a money judgment appearing in CPLR 5201(a). * * * The fact that broad application of CPLR 5227 will result in an overlap between ‘ property ’ and ‘ indebtedness ’ in certain cases is of no consequence. ’ ’
(See, also, the “ examples ” summarized under this paragraph by the authors,)
CPLR 5227 provides that in a special proceeding commenced by a judgment creditor ‘ ‘ against any person who it is shown is or will become indebted to the judgment debtor, the court may require such person to pay to the judgment creditor the debt upon maturity, or so much of it as is sufficient to satisfy the judgment, and to execute and deliver any document necessary to effect payment; or it may direct that a judgment be entered against such person in favor of the judgment creditor. * * * Notice of the proceeding shall also be served upon the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested. The court may permit the judgment debtor to interyene in the proceeding. The court may permit any adverse claimant to intervene in the proceeding and may determine his rights in accordance with section 5239.”
Section 5239 is entitled ‘ ‘ Proceeding to determine adverse claims.”
The section, thus makes provision not alone for the disposition of any issues between the judgment creditor and the third party, but also of any adverse claims by the judgment debtor as well as by any other claimant to the fund.
Section 5225 (subd. [b]), which deals with money or property of a judgment debtor in the possession or custody of a third person, and with a person who is a transferee of money or personal property from the judgment debtor, is of like tenor.
In Siemens & Halske GmbH. v. Gres (32 A D 2d 624) which involved a special proceeding under CPLR 5225 (subd. [b]) against a person who was a transferee of money from the debtor, our Appellate Division held that the proceeding “ obviates the necessity for a plenary action (N. Y. Legis. Doc. 1962, No. 8, *991 p. 486; see Matter of Sumitomo Shoji, New York v. Chemical Bank N. Y. Trust Co., 47 Misc 2d 741, 745).”
The eases cited by the Appellate Division (Matter of Sumitomo Shoji v. Chemical Bank, 47 Misc 2d 741, 745; Matter of First Small Inv. Corp. v. Zaretsky, 46 Misc 2d 328, 330) make this even clearer. Substantial factual disputes may be adjudicated in the special proceedings instituted under the authority of either CPLR 5225 (subd. [b]) or CPLR 5227 (Matter of First Small Inv. Corp. v. Zaretsky, 46 Misc 2d, at p. 330; Matter of Ruvolo v. Long Is. R. R. Co., 45 Misc 2d 136,146-147'; see, also, V P Supply Corp. v. Normand, 27 A D 2d 797, 798) and there is no need to relegate the parties to a plenary suit.
I find no reason why the issue of the bank’s liability to Catalog cannot be disposed of in the special proceeding brought by Colonial as judgment creditor of Catalog. As held in V P Supply Corp. v. Normand (27 A D 2d 797, supra) the disputed issues can be tried in the proceeding brought by petitioner, with the burden of proof resting with Colonial as judgment creditor. To do otherwise is to exalt form over substance, to impose unnecessary additional legal expense on the parties, and to delay disposition of the matter.
Hence the proceeding should not have been dismissed; facts sufficient to sustain the proceeding are alleged in the petition.
I, therefore, dissent and vote to reverse the order and to deny the motion to dismiss.
Gold and Street, JJ., concur in Per Curiam opinion; Markowitz, J. P., dissents in memorandum.
Order affirmed, etc.