Rockwell D. Colane^i, J.
Defendant, Phyllis Feynman, moves by order to show cause for an order vacating the Sheriff’s levy and execution against her checking account and her account held in trust for her daughter Suzanne Feynman.
The affidavit annexed to the order to show cause states that the defendant and her husband purchased merchandise for their home and family. Judgment was entered against her, and her husband, and the judgment creditor presently seeks to enforce the judgment against the two bank accounts.
Defendant states that she works as a waitress and makes about $35 to $45 per week. She further states that her husband is under a Family Court order to pay her $50 per week. He is presently unemployed and she has not been receiving her weekly payments. In addition, defendant further receives an allotment of $75 per month from her oldest son in the service.
The judgment creditor seeks to levy against the allotment checks. CPLR 5205 lists personal property that is exempt from application to the satisfaction of money judgments. Subdivision (f) the nearest provision to an allotment, exempts a pension or other reward granted by the United States or by a State to a member of the armed forces for services rendered (see, also, 35 C. J. S., Exemptions, § 26 et seq.). Various eases have held that the pension money itself and the property purchased with such moneys are exempt from levy. (See cases cited in 6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5205.31.) Furthermore, in Tyler v. Ballard (31 Misc. 540) the court held that real property acquired with the pension money by the widows is exempt from levy even though the pensioner is not using it. In this case the mother is receiving an allotment from her son.
An allotment is defined in Webster’s Third New International Dictionary (Unabridged) as “a portion of a serviceman’s salary paid, esp. with additional contributions, to a designated party at his request or to a bank for his account ’ ’. An allotment cannot be considered a pension and therefore does not qualify as exempt from levy to satisfy a money judgment.
The judgment creditor also seeks to levy on a trust account for the defendant’s daughter. A hearing should be held tó determine whether or not the judgment creditor can levy-on such an account.
A Totten trust (so named from the famous case of Matter of Totten, 179 N. Y. 112) may or may not be levied upon by a judgment creditor. A Totten trust is defined as deposit by one-person of his own money in his own name as trustee for another. The trust is a tentative one, revocable at will, until the depositor *930 dies, or unless some additional act or event transforms it into an absolute trust. The depositor prior to his death may withdraw any or all of the fund, the theory being that his title continues unimpaired until death intervenes (Matter of Muller, 38 Misc 2d 91). The gift becomes complete only on the. instant of death, and during the depositor’s lifetime the beneficiary’s interest is a mere expediency and not a vested right (Dumpson v. Taylor, 38 Misc 2d 118).
Therefore, during the lifetime of the depositor and so long as Totten trust remains revocable, a judgment creditor of the depositor may reach the proceeds of the account to satisfy his judgment. (Dumpson v. Taylor, supra.) However, where a tentative trust in a savings deposit has become irrevocable by delivering of the bank book to the beneficiary or the death of the depositor without revocation of the trust, the savings bapk account is the property of the beneficiary and is not reachable by the depositor’s judgment creditors. (Farleigh v. Cadman, 159 N. Y. 169.)
The judgment creditor may reach the proceeds of the allotment money as it is not exempt from levy. However, a hearing is required concerning the trust account. If the Totten trust is revocable, the judgment creditor can reach the proceeds to satisfy the judgment. If the trust is irrevocable (one method— delivering the bankbook to the beneficiary) and there is no evidence of evading creditors, the savings account is the property of the beneficiary and is not reachable by the depositor ’s judgment creditors. (Farleigh v. Cadman, 159 N. Y. 169.)
The motion of the defendant with respect to the' levy against the allotment checks afore-mentioned is denied and the judgment creditor may levy against said allotment checks; and further, this matter is set down for a hearing in the Second District Court, 47 West Main Street, Babylon, New York, on November 17,1972, at 9:30 a.m. for a determination of the status of the savings bank account.
The Sheriff of Suffolk County continues to be stayed and restrained with respect to the levy on said savings bank account pending a determination after the hearing..