Charles H. Cohen, J.
This is a special proceeding brought by petitioner^ a judgment creditor of Villard Joseph (referred to herein as the “defendant” or “ judgment debtor ”) directed against the respondent bank. Following an interim order of the court, petitioner in its petition sought, as stated in the accompanying notice of motion, pursuant to CPLR 5225 and 5227, “ an order directing the respondent * * * to turn over to plaintiff [sic] the full amount of the judgment * * * in the amount of $1,191.80, together with appropriate interest to the date of the turnover or so much thereof as may be determined by the Court to be properly held in the possession of said bank in the name of the judgment debtor, or in lack thereof, for the entry of a judgment against the said respondent in favor of the plaintiff [sic\ for said amount ”. (Since this matter involves a deposit of money in a bank, which deposit constitutes a debt *497 owing by the bank to its depositor [Matter of Trevor, 309 N. Y. 389, 393], CPLR 5227, providing for a special proceeding “ against any person who it is shown is or will become indebted to the judgment debtor ”, appears to be the applicable statute.)
The judgment debtor, who was served with the notice of motion instituting the proceeding as required by CPLR 5227, moved to intervene and to vacate a restraining notice served by petitioner upon respondent, based upon a claim that the judgment is not absolute but merely stands as security. Both subdivision (b) of CPLR 5225 and 5227 provide that the court “ may permit the judgment debtor to intervene ”. If in fact the judgment is not absolute but is one which merely stands as security, there might ¡be good reason to grant the judgment debtor’s motion. On the other hand, if the judgment is absolute, there would be no purpose in doing so since the judgment debtor would seem to have no further interest in this debt which he claims was owing to him.
The judgment was entered on default on February 16, 1971. After the defendant moved to vacate the judgment a traverse was held after which the court entered an order dated October 28, 1971, sustaining the service of process but giving the defendant leave to serve and file an answer. On July 20, 1972, the Appellate Term affirmed the order of October 28, 1971, but modified it to the extent of providing that the judgment stand as security. There seems to have been some question as to whether defendant thereafter timely served and filed an answer. By order dated October 24, 1972, the judgment was “considered as reinstated” although its enforcement was stayed. By order dated December 5, 1972, a motion to vacate the judgment was granted on certain terms which, among others, stated that the, judgment “ shall stand as security” and that defendant pay certain costs; and “ upon failure of the defendant to comply wth the foregoing, motion is denied.”
With respect to the payment of costs, the judgment debtor claims that $305 paid to petitioner from the bank account, pursuant to an order of this court dated October 31, 1972, relating to another judgment, was improper. He then argues that the costs (which were less than $305) were therefore paid and, accordingly, there was compliance with the order of December 5, 1972, so that the judgment merely stands as security. The difficulty with this argument is that this court cannot recognize a collateral attack on the October 31, 1972, court order. (Jacobowitz v. Metslaar, 268 N. Y. 130; Tomasello Bros. v. Freedman, 57 Misc 2d 817, affd. 32 A D 2d 652; Kology v. *498 Maplewood Homes, 36 A D 2d 538.) See, also, Parker v. Rogerson (33 A D 2d 284, 291, app. dsmd. 26 N Y 2d 964) stating “ that one judge should not reconsider, disturb or overrule an order in the same action of another Judge of co-ordinate jurisdiction.” Surely this court cannot disturb that order made in another action. If there is a dispute between petitioner and the judgment debtor concerning the turnover of the sum of $305, that dispute is not before this court in this proceeding. Having found that the costs were not paid and, therefore, that the judgment in question does not merely stand as security, there is no basis for intervention by the judgment debtor. The motion to intervene and to vacate the restraining notice is denied.
After entering judgment against the judgment debtor on February 16, 1971, in the amount of $1,191.80, there was served upon respondent, on behalf of petitioner, a restraining notice to garnishee and an execution with notice to garnishee, each making reference to Account No. 116,833-2. The restraining notice was served on March 3, 1971 and the execution on March 11, 1971, on which dates that account had a balance of $850.15. After the restraining notice was served and after the levy was made by a marshal by serving the, execution upon the respondent, the latter permitted withdrawals against this account on the dates and in the amounts indicated (aside from the $305 paid pursuant to court order as previously mentioned) ?

Respondent was forbidden to ‘ ‘ pay over or otherwise dispose of” the debt owing to the judgment debtor “ until the expiration of one year after the notice ” was served by virtue of the restraining notice ('CPLR 5222, subd. [b]) and for 90 days (unless extended by court order) by virtue of the execution (CPLR 5232, subd. [a]). (See Matter of Sumitomo Shoji N. Y. v. Chemical Bank N. Y. Trust Co., 47 Misc 2d 741, 744, affd1. 25 A D 2d 499.) The withdrawal of December 27, 1972, may be disregarded since it was made after the one-year and 90-day periods had expired. However, the other withdrawals, assuming they were made from an account owned by the judgment debtor, were permitted to be made in violation of the restraining notice and execution and would give rise to a *499 claim for damages by petitioner against respondent. (Nardone v. Long Is. Trust Co., 40 A D 2d 697; Matter of Sumitomo Shoji N. Y. v. Chemical Bank N. Y. Trust Co., supra; Maszuka v. Bank of North Amer., 53 Misc 2d 1053.)
The account was entitled 11 Villard Jean Joseph i/t/f Luce Joseph ”, a form of deposit usually called a “ Totten Trust ”. (See Matter of Totten, 179 N. Y. 112.) Respondent questions whether the debt represented by this account was owing to the. judgment debtor or to Luce Joseph. It argues that since it was not certain that the debt was owing to the judgment debtor, it was not legally bound by the restraining notice and execution and could ignore them. The court disagrees. The court further finds that this is a belated attempt to avoid liability after having permitted the withdrawal of funds despite the service upon it of the restraining notice and execution issued upon an outstanding judgment.
On March 23, 1971, in response to the execution, respondent then declared that it had no knowledge of the interest of the beneficiary, that payment “ has been stopped on said account ”, that it has no interest in the account and will pay it to “ the persons justly entitled to receive same in such manner as will fully discharge it from future liability ’ ’ and that it is “ taking the position of stakeholder until a plenary action is maintained, and a final determination made, as to the ownership of the funds in said account ”.
In Dumpson v. Taylor (38 Misc 2d 118), in connection with a motion made by a judgment creditor to recover the proceeds of a savings account held in the form of a Totten Trust, the court stated (pp. 120-121): “ The effect of such form of deposit is generally thought to create the presumption that the depositor intended to establish a revocable or tentative trust which would become irrevocable and pass to the named beneficiary upon the death of the depositor (Matter of Totten, 179 N. Y. 112). That is correct, but it is indeed more than that, and certain circumstances may have an important impact upon .the legal rights of the parties, even during the lifetime of the depositor. That is to say, it ‘ is a tentative trust merely, revocable at will ’ not only 1 until the depositor dies ’ but also until he ‘ completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary ’ (Matter of Totten, supra, p. 126; 1 Scott, Trusts [2d ed.], §58.2).” A question arises, then, as to whether the named beneficiary was the person entitled to the bank account. This would hinge upon whether the trust had become irrevocable by *500 the depositor (judgment debtor) completing the gift in his lifetime by some unequivocal act such as the delivery of the passbook. Yet, although respondent has had an opportunity to submit evidentiary facts raising this issue, it has failed to do so even though the court, pursuant to subdivision (a) of CPLR 409, required the submission of certain additional proof. All respondent has done is to raise a question as to whether or not the beneficiary was entitled to the bank account. It does not actually claim that the beneficiary was so entitled.
Keeping in mind that this matter is before the court in effect as a motion for summary judgment (see CPLR 409, subd. [b]), respondent, if it has a defense, must, in order to defeat the motion, show evidentiary facts and cannot rest on mere conjecture, surmise or suspicion. (Shapiro v. Health Ins. Plan, 7 N Y 2d 56, 62.) (See, also, Richard v. Credit Suisse, 242 N. Y. 346, 350; Schillinger v. North Hills Realty Corp., 15 A D 2d 539, 540, affd. 11 N Y 2d 1044; Di Sabato v. Soffes, 9 A D 2d 297, 301, app. dsmd. 11 A D 2d 660; Hanrog Distr. Corp. v. Hanioti, 10 Misc 2d 659.)
The court recognizes that in the situation presented herein respondent might maintain that it is not in a position to know the facts. However, it has not done so and does not even ask for a trial of this question (see CPLR 410), but takes the position that its mere raising the question is, in itself, a sufficient defense to this proceeding. It has apparently not even attempted to ascertain the facts. Significantly, respondent, which presumably has an address for the beneficiary in its files, has not joined or attempted to join the beneficiary as a party to this proceeding even though it may have done so (CPLR 1006; Matter of Ruvolo v. Long Is. R. R. Co., 45 Misc 2d 136, 147; cf. Matter of Sumitomo Shoji N. Y. v. Chemical Bank N. Y. Trust Co., 47 Misc 2d 741, 745, affd. 25 A D 2d 499, supra) by leave of the court (CPLR 401). Respondent, a stakeholder, is content to talk about a possible double liability, but is not willing to take action to protect itself from this contingency. Presumably, respondent does not actually claim that the account belonged to the beneficiary and does not wish to join the beneficiary as a party since if the account were that of the beneficiary it might expose itself to liability to the beneficiary “ for knowingly permitting a breach of fiduciary duty-by the trustee ” when it permitted the latter to make the withdrawals in question. (Dumpson v. Taylor, 38 Misc 2d 118, 121, supra.) Parenthetically, the court cannot help but observe that after respondent advised petitioner that it stopped payment on the account, it *501 permitted the judgment debtor to withdraw funds from the account and put itself in its present position.
"Whatever has been submitted by respondent tends to indicate that the trust did not become irrevocable and that nothing took place which had the effect of making the beneficiary the owner. While withdrawals by the depositor might not conclusively demonstrate that the trust remained revocable and that the debt arising out of the bank account was owing to the depositor (Dumpson v. Taylor, 38 Misc 2d 118, 121, supra), where, as in this case, all the withdrawals in question were actually made by the depositor and nothing has been submitted indicating any interest of the beneficiary, no triable issue of fact has been raised. (Cf. Abraham & Strauss, Div. of Federated Dept. Stores v. Feynman, 71 Misc 2d 928.) Under the circumstances of this case, particularly where respondent in this proceeding under CPLB 5227 has not joined or attempted to join the beneficiary as a party, the suggestion — and this is all respondent has done — of such an issue is a mere sham. (Richard v. Credit Suisse, 242 N. Y. 346, supra; Schillinger v. North Hills Realty Corp., 15 A D 2d 539, affd. 11 N Y 2d 1044, supra; Hanrog Distr. Corp. v. Hanioti, 10 Misc 2d 659, supra.)
The court observes that in Dumpson v. Taylor (38 Misc 2d 118, 121, 122, supra), the court stated that the beneficiary, having an apparent interest in the bank account, is a necessary party and the issue relating to that interest could not ‘1 properly be disposed of on this motion but in a plenary action.” However, unlike that ease, which involved a motion for a turnover order under section 794 of the former Civil Practice Act the instant case is a special proceeding under CPLB 5227, which is plenary “ in that the court can adjudicate rights and interest in the debt or fund which is the subject matter of the proceeding.” (Matter of Ruvolo v. Long Is. R. R. Co., 45 Misc 2d 136, 146, supra). As pointed out above, the respondent could have sought leave to interplead the beneficiary but did not do so.
With respect to respondent’s argument that it can make no payments from the account without the passbook, the court refers respondent to subdivision 3 of section 238 of the Banking Law which provides that “Payments, however, may be made upon the judgment or order of a court.” (Bespondent is apparently familiar with this statute; it did pay $305 from the account pursuant to court order.) In any event, since respondent has already paid out the money, there would be no direction here that it do .so, but, rather, that it be liable for damages, which may properly be awarded to petitioner against respondent *502 in the special proceeding. (Nardone v. Long Is. Trust Co., 40 A D 2d 697, supra.) Since there is no issue of fact concerning damages — there being no issue regarding the dates and amounts of the withdrawals, the dates of service of the restraining notice and execution and the subsequent proceedings as set forth above — the amount of damage, if any, may be determined without any hearing. It is agreed that a total sum of $501.81 was paid from the account — which the court has found was a debt owing by respondent to the judgment debtor — ■ between March 15,1971, and May 10,1971, and that the restraining notice was served on March 3, 1971, and the execution on March 11,1971.
Respondent argues, however, that petitioner, has not suffered any damage. It argues that petitioner did not begin this proceeding within the one-year period during which the restraining notice was in effect and once that one-year period expired it could have permitted withdrawals without incurring any liability (as, in fact, happened with respect to the December 27, 1972 withdrawal). Therefore, it argues, it does not matter that withdrawals were made during the prohibited period since withdrawals could have been made later without liability. Yet, the court cannot speculate as to what might have happened after the expiration of the prohibited period, but must look to what did happen. (Cf. McIntyre v. Whitney, 139 App. Div. 557, affd. 201 N. Y. 526.)
Respondent, having violated the restraining notice and execution served on it, caused loss to petitioner and should suffer the consequences in the form of damages. Such damages are measured by the amount of the withdrawals made during the prohibited period, not exceeding the amount of the judgment remaining unsatisfied (Nardone v. Long Is. Trust Co., 40 A D 2d 697, supra), which amount, in this case, is greater than the amount of such withdrawals. Judgment is directed in favor of petitioner against respondent for the sum of $501.81 (the sum of the prohibited withdrawals) with interest on $87 thereof from March 15, 1971, on $87 thereof from April 12, 1971, on $140.81 thereof from April 15, 1971, on $100 thereof from April 19,1971, and on $87 thereof from May 10,1971.
Respondent in the “ Wherefore ” clause of its answer, without any allegations specifically directed against the judgment debtor as a cross claim or otherwise, demands, in the event judgment is granted “to the Petitioner”, that respondent have judgment over against the judgment debtor. A copy of this answer was apparently served upon the attorney who appeared in connec *503 tian with the judgment debtor’s motion to intervene. While respondent does not state that it is asserting a cross claim against the judgment debtor, this is what it seems to be doing. See subdivision (b) of CPLR 3019 stating that “ A cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.” Although subdivision (b) of CPLR 3019 refers to cross claims as 1 ‘ any cause of action in favor of one or more defendants * * * against one or more defendants * * * or a defendant and other persons ’ ’ this would seem to include a claim of a “ respondent ” against a “judgment debtor ” in a special proceeding brought pursuant to CPLR 5227. (See CPLR 105, subd. [b]; but cf. Chambland v. Brewer, 51 Misc 2d 231.)
Yet, under the circumstances of this case it would be improper to allow this cross claim. CPLR 402 provides that the pleadings in a special proceeding shall consist of a petition, answer and reply, and then states that “ The court may permit such other pleadings as are authorized in an action upon such terms as it may specify.” In this case, no such permission was granted. While it has been stated that since a cross claim is included in an answer (see CPLR 3011), no permission is needed in order to assert a cross claim (5 Carmody-Wait 2d, New York Practice, § 30:76), the better practice requires court permission in view of the summary nature of a special proceeding (see CPLR 403, subd. [b] and 409, subd. [b]; see, also, S Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3019.16). Moreover, the claim against the judgment debtor which appears only in the “ Wherefore ” clause of the answer, is not properly asserted. As noted above, subdivision (b) of CPLR 3019 states that a cross claim is a “ cause of action. ’ ’ CPLR 3014 states that “ separate causes of action * * * shall be separately stated and numbered ’ ’. Here, there is no separate statement of a claim against the judgment debtor, to which claim, it is noted, no answer has been interposed. Accordingly, any claim of respondent against the judgment debtor is dismissed, without prejudice to the institution of such proper action or proceeding which respondent may bring against the judgment debtor.