Samuel J. Silverman, J.
In this proceeding to enforce a money judgment, petitioner, the judgment creditor, moves under CPLR 5227 for an order requiring respondent to pay the amount *520 of the judgment on the basis that respondent is indebted to the judgment debtor in an amount exceeding the judgment. The papers raise triable issues of fact as to whether the sums involved represented loans to respondent by the judgment debtor or merely contributions to a joint venture; and if they represented loans, whether the loans are owed to the judgment debtor or to the corporate drawer of the checks.
It follows that a trial of the issues of fact must be had and the court so directs.
The decision by Mr. Justice Shapiro in Matter of First Small Business Inv. Corp. v. Zaretsky (46 Misc 2d 328) would suggest that there is no right to a jury trial in this situation. With due respect, I think there is a right to a jury trial at least as to respondent. (See V P Supply Corp. v. Normand, 27 A D 2d 797, 798.) Matter of Garfield (14 N Y 2d 251) seems to me very persuasive on this point. In the Garfield case, the Court of Appeals held that an executrix defending a claim against her decedent for attorneys’ fees, the claim being asserted in a compulsory accounting proceeding, had a right to a jury trial. Judge Bergah, speaking for a majority of the court, said:
“ We are of opinion the executrix had a right to trial by jury which should not have been denied. Petitioners’ claim is an action at law for work, labor and services, and the right to trial by jury in all such cases is preserved by the Constitution (art. I, § 2). No reported case has been cited in New York, and we have found none, where it has been held that an administrator or executor, making timely assertion of right, is deprived of a jury upon a claim based on a cause against him actionable at law.”
“ Nor could the Legislature deprive a party who would have had a right to jury trial at common law of such right by authorizing a court of equity to take jurisdiction. ’ ’
“ No equitable principles govern the jural relations between these claimants and the executrix.”
‘ ‘ Since the cause of1 action asserted by claimants is one for which a jury trial is preserved by the Constitution, the Legislature could not completely deprive the executrix of her right to jury trial in some forum ”. (Matter of Garfield, supra, pp. 256, 258.)
Similarly in the case at bar, so far as concerns respondent, the claim asserted against respondent is for money loaned, a claim which is traditionally the .subject matter of an action at law, involving po equitable principles (though the defense of joint venture might perhaps in some circumstances become the sub *521 ject matter of an equitable defense, to be tried by the court). (CPLR 4101.)
Accordingly I hold that respondent has the right to a jury trial or demand therefor and payment of the appropriate fees.
With respect to petitioner I think the situation is somewhat different. The common-law obligation of respondent, if1 any, is to the judgment debtor, not to petitioner. Petitioner is asking the court to direct respondent to pay to petitioner a debt owed to a third person, the judgment debtor. This would seem to be analogous to, and an outgrowth of, the ancient creditor’s bill in equity. Petitioner is in a sense asking both legal and equitable relief — legal relief in requiring respondent to pay a debt allegedly owed by respondent to the judgment debtor, and equitable relief in requiring the proceeds to be paid to petitioner for application on the judgment debtor’s debt to petitioner. The situation thus, “may in some respects be analogized to the difference between a plaintiff who chooses to join legal and equitable causes in a suit in equity and a defendant who is brought into equity and required, among other things, to defend there a law cause of action. It is held the plaintiff waives the right by joinder (Di Menna v. Cooper & Evans Co., 220 N. Y. 391), but that defendant does not ’’. (Matter of Garfield, 14 N Y 2d, 251, 258, supra.)
Accordingly I hold that petitioner is not entitled to a jury trial.
If respondent (pro se) desires a trial by jury (as distinct from a trial by court without a jury), he shall serve a written demand therefor, together with a note of issue, and file them with the clerk, paying the appropriate fees therefor, within 20 days after service of a copy of this decision. (See CPLR 410.) In such event, statement of readiness is dispensed with.
In the event that such jury demand and note of issue are not filed and served and fees paid, within the time stated above, the matter is referred to Hon. Lloyd Paperno, Special Referee, to hear and report together with his recommendations on the issue of whether respondent is indebted to the judgment debtor, and if so the amount thereof and a recommendation as to the appropriate judgment to be entered.
In the event that no jury is demanded within the time limited, counsel is directed to serve a copy of this order, within 10 days after expiration of the period herein allowed for the jury demand, on the office of the Referees, Room 308-M, for the purpose of arranging a hearing date.