Harold J. Hughes, J.
Petitioner seeks to vacate restraining notices served by respondent upon two banks in which it has accounts.
Respondent Insurance Pension and Welfare Fund of Roofers Local No. 241 (judgment creditor) obtained a judgment against A & M Roofing Corp. (judgment debtor) in the amount of $5,711.65. The judgment debtor was a subcontractor on a construction project on which the petitioner is the general contractor. The judgment creditor served the petitioner with a restraining notice prohibiting it from making any payments to the judgment debtor. That restraining notice is not the subject of this proceeding.
The judgment creditor also served restraining notices upon the Manufacturers Hanover Trust Company, Capital Region, and the First National Bank of Scotia (the garnishees), two banks in which the petitioner had accounts, prohibiting them from making any payments to the petitioner on the basis that these accounts constituted property in which the judgment debtor had an interest.
CPLR 5222 (subd [b]) authorizes a judgment creditor to serve a restraining notice upon a third party and to specify in the notice property in the possession of the third party in whigh the judgment debtor "has an interest”. The "interest” of the judgment debtor, however, must be understood to mean a direct interest in the property itself and not merely the tenuous connection that exists here (see Matter of Sumitomo Shoji New York v Chemical Bank New York Trust Co., 47 Misc 2d 741, affd 25 A D 2d 499). In the present case, the garnishees owed no debts to the judgment debtor. While the judgment debtor may well have a claim against petitioner which would be the proper subject of a restraining notice, the judgment debtor would clearly have no claim against the garnishees in the present case and, therefore, neither can the judgment creditor. This, of course, does not leave the judgment creditor without recourse; it has already served a restraining notice on the petitioner itself and it might well be able to proceed pursuant to CPLR 5227 as well, if it chooses to *261 do so. The route it has chosen to take in the present case, however, is not available to it.
The motion of the petitioner is granted, with $20 costs.