OPINION OF THE COURT
Anthony A. Scarpino, Jr., J.
Motion by petitioners for an order pursuant to CPLR 5239 *80 in determining their rights in bank accounts in their father’s name held in trust for them (Totten trusts) which have been restrained by respondent Ford Motor Credit Company (Ford Credit).
It is ordered that the bank accounts in dispute are the personal property of the petitioners, free of any interest of the judgment debtor Daniel Weiss, and the restraining notices are discharged.
Petitioners are the children of Daniel Weiss, a judgment debtor in an action entitled Ford Motor Credit Co. v Weiss (index No. 1785/91), wherein a judgment was entered against Daniel Weiss on April 15, 1992 in the amount of $9,084.98. On December 15, 1993, restraining notices were served on bank accounts in Daniel Weiss’ name held in trust for his children (petitioners above). Petitioners claim that none of the funds in the trust accounts belong to Daniel Weiss, but rather have been accumulated by them over the years as gifts and/or income. These claims are not disputed.
Unfortunately, these types of accounts are the source of confusion for the depositors, beneficiaries, and the courts. Because of this, courts have gone to great lengths to determine the intent of the depositor, and to evaluate each case, taking into consideration the customs and objectives of those establishing the accounts. Numerous other factors such as the retention of the passbook, the control of the deposits and withdrawals, and the history of the various accounts are considered in this regard (Matter of Totten, 179 NY 112).
Because of the confusion in this area over the years, the Legislature attempted to address numerous issues by statute (EPTL 7-5.1 — 7-5.7). In regards to creditors’ rights, EPTL 7-5.5 (1) provides that Totten trusts do not affect the rights of creditors, and accordingly, can be invaded for payment of debts as long as the trust remains revocable (Dumpson v Taylor, 38 Misc 2d 118).
A quick reading of the statute appears to resolve this matter and requires the payment of the funds to the creditor even though the bulk of the deposits were made by the children. But fairness and logic require a closer examination as to the threshold question of whether the accounts were opened with the intent to create a Totten trust or something else.
One hundred years of case law and legislation have not cleared up the confusion and ignorance of the average parent *81 who establishes an account of this nature upon the birth of a child. These accounts routinely are the repository of the child’s Christmas, birthday, Chanukah, graduation, and Bar Mitzvah gifts; they are created in this fashion by parents because at the time of their inception, the child is an infant not capable of banking. Yes, they appear on their face to be Totten trusts, but the intent of the parents is merely to create an account for the child and to insure the parents’ ability to do the necessary banking business. This format also appears to identify the account as belonging to the child rather than the parent. The fact that upon the parents’ death, the account passes outside the estate is just a bonus.
It is not uncommon for these "trust” accounts to have the child’s Social Security number listed rather than the parent’s. This requires the bank to report the interest to the child’s Social Security number, while in a true Trotten trust income is reportable to the parent.
To allow a creditor to invade an account in which all the deposits reflect the child’s gifts or income, would let form control over substance and create an injustice. Clearly, if the deposits were the parents’ funds and/or the account reflected indicia of being a personal account of the parent, then the account would be a true Trotten trust, and invasion by creditors would be appropriate.
Since this is not the case here, and there is no evidence that these accounts were established to defeat creditors’ claims or perpetrate a fraud, the court determines that these accounts belong to the respective children, and the restraining notices must be discharged.