Joseph Liff, J.
This application to require a third party to pay over to the petitioning judgment creditor in satisfaction of a judgment against Paul Raia, Sr., a sum of money on deposit with said third party to the credit of Ann Raia is denied and the request of said Ann Raia to vacate the restraining order (CPLR 5240) is granted. A copy of the restraining notice has not been submitted. We will assume that the restraining notice contained the statement ‘ ‘ that the judgment debtor has an interest in specified property in the possession or custody of the person served.” (CPLR 5222, subd. [b].) However, the affidavit of an attorney for the judgment creditor submitted in support of the application demonstrates that there is insufficient information to support the statute’s conclusory language. The attorney states that an investigation by his office disclosed that Ann Raia is unemployed and incapable of being gainfully employed and that since the judgment debtor, Paul Raia, Sr., is her husband he arrives at the conclusion that the money in her account belongs to the husband. At most this is a statement of suspicion and conjecture. It does not appear that Ann Raia was examined in supplementary proceedings nor what investigation was made or facts ascertained which would justify the conclusion that was drawn.
In this court’s view there is insufficient evidence warranting the hearing requested by the petitioner, presumably under *755 CPLR 5239. Therefore the restraining notice is vacated on that date 10 days after the service of a copy of this judgment on the third party, Island Federal Savings & Loan Association (CPLR 5240).
The affidavit of the attorney for Ann Raia, who cannot have personal knowledge of all of the facts therein related, has not been considered in the determination of this application.