Harry T. Nusbaum, J.
This action was instituted by the plaintiff, Chemical Bank, to recover an alleged overdraft of $89.91 in the defendant’s account. The facts are not in dispute. The plaintiff on August 15, 1968, was served with a subpoena duces tecum in proceedings to collect a money judgment in an action entitled ‘ ‘ American Dictating Machine Company, Inc., Plaintiff, against Morton J. Jacobs, Defendant.” The subpoena alleged that a judgment had been recovered against the defendant, Morton J. Jacobs, in the sum of $166 on June 8, 1966, and further alleged that the moneys on deposit in the name of Catherine Brown, the defendant in this action, were in fact the money and property of the judgment debtor. The subpoena contained a restraining notice which forbade the bank to make any transfer of the funds in question or in any way to dispose of the moneys *342 on deposit in that account. The bank on the same day notified the defendant Catherine Brown of the subpoena and restraining notice and also issued a debit memo against the account in the sum of $189.
The defendant, despite the notification she had received from the bank, proceeded to withdraw the funds she had on deposit with the bank by issuing four checks totaling $186, which the bank inadvertently paid. Subsequently the bank was served with an execution and a notice of levy and paid over the sum of $90 to the Marshal in full settlement of its alleged liability to the Marshal. This payment, which was made without notice to or consultation with the defendant and without receipt of any proof that the funds in question did in fact belong to the judgment creditor, created the overdraft sued for herein.
The question presented is quite novel in that the plaintiff bank claims that it has no alternative other than to make payment to a Sheriff or Marshal when a levy is served upon it specifying a particular account, even though the account specified as property in which the judgment debtor has an interest is held in a name other than the name of the judgment debtor. The conclusion so ably urged upon this court is that the doctrine and reasoning set forth in Matter of Sumitomo Shoji v. Chemical Bank N. Y. Trust Co. (47 Misc 2d 741, affd. 25 A D 2d 499) should be extended to and adopted as the law applicable to the case at bar. After careful analysis, I find that I am of a different opinion.
According to the plaintiff, four issues are presented for this court’s determination:
1. Is a garnishee served with a restraining notice pursuant to CPLB 5222 bound by a specification in the restraining notice of a debt or property allegedly belonging to the judgment debtor in the possession of a garnishee even though such debt or property does not stand in the name of the judgment debtor?
2. Must the garnishee restrain that debt or property which has been specified in the restraining notice without making any further inquiry or investigation as to the true ownership of the specified debt or property, whether the judgment debtor subsequently is determined to have had an interest in the specified debt or property or not?
3. Is a garnishee served with an execution pursuant to CPLB 5230 bound by a specification in the execution of a debt or property allegedly belonging to the judgment debtor, in the possession of the garnishee, even though such debt or property does not stand in the name of such judgment debtor?
*343 4. Must the garnishee pay or deliver to the Marshal that debt or property which has been specified in the execution, without making any further inquiry or investigation as to the true ownership of the specified debt or property, whether the judgment debtor subsequently is determined to have had an interest in the specified debt or property or not?
It is unfortunate that the parties to this proceeding did not avail themselves of the provisions contained in CPLR 5222 (subds. [a] and [b]) which make the judgment creditor liable for any damages which might result by reason of the restraint or paying out of the funds, by making the said judgment creditor a party to this proceeding. Had they adopted that procedure, this court would now have been able to make a final disposition of the matter by determining whether the judgment debtor Morton Jacobs had any leviable interest in the funds on deposit.
However, at this point all I have before me is the testimony of the defendant Catherine Brown, who stated that Morton J. Jacobs, the judgment debtor, was her former husband; that she had had no dealings with him for some years; and that the funds on deposit at the plaintiff’s bank were solely and wholly her own funds.
The bank by its action assumed to contract a liability for the defendant without her knowledge or authority and without inquiry as to the validity of the claim. Their red-carpet treatment of the judgment creditor sets a dangerous precedent which could lead to great abuses, putting in jeopardy the bank accounts of all relatives of judgment debtors. The difference in names and the defendant’s statement to the bank manager, in which she asserted complete ownership of the funds on deposit, were more than sufficient to put the bank on notice to tread warily.
At this point in the proceedings, it is my opinion that the bank should have awaited the institution of a proceeding by the judgment creditor under CPLR 5227, at which time the defendant could have been interpleaded, or availed itself of the protection afforded by subdivision 5 of section 134 of the Banking Law.
It is apparent that someone at the bank, after inadvertently violating the restraining provisions of the subpoena by honoring the defendant’s checks, was in a panic and felt it necessary to ‘ ‘ buy off ’ ’ the judgment creditor. At this point no thought was given to the defendant’s rights as a depositor or as to whether or not the judgment debtor did in fact have any interest in the account under levy.
The case of Matter of Sumitomo Shoji v. Chemical Bank N. Y. Trust Co. (47 Misc 2d 741, affd. 25 A D 2d 499, supra) relied upon so heavily by the plaintiff in the case at bar, fully supports *344 this court’s conclusions. In discussing the effect of the service of a subpoena under CRLB 5222 upon the person served, Judge Geller (p. 744) stated: “ If such person does make payment or transfer in disregard of the restraining notice, he takes the risk of liability for damages and contempt if the judgment creditor can establish that the debt was owed to the judgment debtor or that he had an interest in such property. Judgment debtor’s ‘ interest ’ in property must be understood to mean a direct interest in the property itself which, while it may require a court determination, is leviable ”. (Emphasis added.)
In another proceeding in the same matter, reported in 47 Mise 2d 746, Judge Geller again indicated his awareness of the difference between restraint vis-á-vis payment when he stated: ‘ ‘ This is not a case of an ‘ adverse claim, ’ nor is there any possibility of double liability on the part of the bank. No claim is being presented to the bank, nor is payment requested ”. (Emphasis added.)
In the case at bar we do have a ease of an “ adverse claim,” for the moment the notice of levy and execution was served there were two claimants to the same fund, and the provisions of subdivision 5 of section 134 of the Banking Law were applicable.
For all the reasons above stated, I direct the entry of a judgment dismissing the complaint.