Frank J. Blangiardo, J.
This is an action to recover damages under the restraining notice provision of CPLR 5222 (subd. [b]) arid presents a question of first impression. The basic facts are essentially not disputed. In 1962 defendants recovered a judgment against George Stathos, son of the present plaintiff. George Stathos was then a coplaintiff in another action which *608 had been pending since 1958 in the Supreme Court, New York County. In 1964 defendants’ attorney learned of the settlement of the George Stathos action and prior to the entry of judgment therein served a restraining notice pursuant to CPLR 5222 on the attorney in possession of the settlement funds. It appears that plaintiff had on May 25, 1959 received an assignment from her son, George Stathos, of his interest in his cause of action.
On motion to determine the issue of priority of liens, the Supreme Court, New York County, found in favor of defendants, holding that the restraining notice took priority over plaintiff’s assignment since the proceeds of the settlement came into existence subsequent to the service of the restraining notice. On appeal, the Appellate Division modified the finding of the lower court to the extent of awarding priority to plaintiff’s assignment over defendants’ restraining notice (Stathos v. Murphy, 26 A D 2d 500, affd. 19 N Y 2d 883).
It is conceded that the restraining notice complied in form and substance with the requirements of CPLR 5222 and that defendants acted in good faith, without prior knowledge of the assignment to plaintiff, which had never been filed or recorded.
It is urged by plaintiff that regardless of any extenuating circumstances, liability of the judgment creditor to the actual owner of the property is absolute, and requests judgment in the sum of $5,789.41 for counsel fees and $3,074.73 for interest or a total demand of $8,864.14.
The court is now called upon to decide whether or not a judgment creditor, who serves a restraining notice pursuant to CPLR 5222 upon a third party, specifying property or debt which on its face belongs to the judgment debtor, in good faith and without any prior knowledge of an adverse claim to the property or debt, should be held liable to an adverse claimant for damages, in the event it is later established that the adverse claimant’s interest is superior to that of the judgment creditor.
Research has failed to uncover any case dealing with the precise question presented, since CPLR 5222 (subd. [b]) had no counterpart in the former Civil Practice Act. The pertinent part of CPLR 5222 (subd. [b]) reads as follows: “ A judgment creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor, for any damages sustained by reason of the restraint.” (Italics supplied.)
It is interesting to note that an almost identical statement is found in CPLR 5232 (subd. [a]) dealing with the service of an *609 execution. Under this section, a judgment creditor, as under CPLB 5222, can specify property or debt owed to the judgment debtor in a notice served with the execution. Prior to the CPLB, the courts generally recognized the liability of a judgment creditor for a wrongful levy when he was actively engaged in the impropriety. For example, if the judgment creditor specified property or debt and was aware of an adverse claim prior to the levy, he was held to be an active participant in the conversion by the Sheriff. However, liability would be denied where the judgment creditor played a passive role in the impropriety (6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5232.12, p. 52-585).
The revision of the former procedures to enforce a money judgment was prompted by the great number of judgments which were never satisfied and those that were satisfied only after years of litigation involving great expenditures of time and money (see Advisory Committee Notes, 12 N. Y. Standard Civil Practice Service, p. 59). As a result, enforcement proceedings have undergone extensive changes, including the simplification of examination and restraining procedures which may be utilized without resorting to special proceedings (9 Carmody-Wait 2d, New York Practice, § 64.2).
A scanning of related sections leads the court to believe that liability for damages shall only attach, under appropriate circumstances where a judgment creditor as a result of an irresponsible act and without good faith, restrains the property of someone other than the judgment debtor.
The test of liability is whether the judgment creditor has pursued his claim in good faith. Could the judgment creditor, in the normal exercise of reasonable care, determine if the restrained property was in fact the property of another?
If, however, the restrained property is held in the name of someone other than the judgment debtor, or if the judgment creditor is aware or should have been aware that the said property is OAvned by another, then, in that event the judgment creditor is proceeding at his oavh risk and should be held responsible for his acts. The trial court taking into account any and all mitigating circumstances.
In the instant case, the property restrained was in fact the property of the judgment debtor and in the name of the judgment debtor. The property in question had been privately assigned to the plaintiff.
Concededly, the defendants acted in good faith and no measure of investigation would have disclosed the assignment.
To permit plaintiff’s contention to succeed would be to place an attorney for a judgment creditor in a most precarious *610 position; whereby having knowledge of the existence of property belonging to the judgment debtor, in the possession of a third party, and without knowledge of any other claim to said property, the attorney must either 1 ‘ sit ” on his judgment or execute on the property and thereby expose his client to a possible damage suit. Failure of an attorney for a judgment creditor to take appropriate steps based on the facts stated above would be an abdication of his responsibility and duty to his client. It is not reasonable to assume that it was the intent of the Legislature, when revising the law regarding enforcement procedures, to place an attorney for a judgment creditor in such a damnable position.
The court concludes that where an attorney for a judgment creditor in good faith serves a restraining notice on a third party pursuant to CPLR 5222, specifying property or debt owed to the judgment debtor in the possession of the person served; and if in the exercise of reasonable caution, the attorney for the judgment creditor cannot ascertain the existence of any other claim to such property or debt, then no liability under section 5222 (subd. [b]) should attach (6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5222.19, p. 52-304).
The case of Chemical Bank N. Y. Trust v. Brown (63 Misc 2d 341), cited in plaintiff’s brief in support of her position, was an action involving the service of a restraining notice on plaintiff bank, specifying a bank account as the property of the judgment debtor. Although the court there stated (p. 343): “ It is unfortunate that the parties to this proceeding did not avail themselves of the provisions contained in CPLR 5222 (subds. [a] and [b]) which make the judgment creditor liable for any damages which might result by reason of the restraint or paying out of the funds, by making the said judgment creditor a party to this proceeding. Had they adopted that procedure, this court would have been able to make a final disposition of the matter by determining whether the judgment debtor Morton Jacobs had any leviable interest in the funds on deposit”, the facts are clearly distinguishable from those present in the case at bar. There, the property specified in the restraining notice was a bank account in a name other than that of the judgment debtor thereby placing the judgment creditor on notice of an adverse claim. Based on the uncontradicted testimony of the depositor adduced at trial, it appears that inquiry on the part of the judgment creditor prior to service of the restraining notice would have revealed that the judgment debtor had no interest in the account. A judgment creditor who serves a restraining notice on specified property and is aware or should be aware that *611 the property does not actually belong to the judgment debtor cannot be considered as having acted in good faith and should be held liable for damages resulting from such an irresponsible act.
Parenthetically, it is observed that the claim for counsel fees is not an appropriate item of damage (Miss Susan, Inc. v. Enterprise & Century Undergarment Co., 270 App. Div. 747, affd. 297 N. Y. 512 ; Dunkel v. McDonald, 272 App. Div. 267, affd. 298 N.Y. 586). The Appellate Division in the Miss Susan case (p. 750) held, “ There is no authority for such allowances. Costs and allowances are controlled entirely by statute and a successful litigant may recover only the costs so authorized. As a general rule, the taxable costs are deemed adequate recompense. Counsel fees and other expenses in conducting the suit, not included in the taxed costs, cannot be taken into consideration in assessing-damages [citing many cases]. While the court is empowered at times to make additional allowances where the grant is sanctioned by statute, their imposition must be limited to such cases. (Civ. Prac. Act, §§ 1504-1521.) ” The foregoing was cited with approval in the Dunkel case (supra).
Had the Legislature intended that counsel fees be part of the recoverable damages under CPLR 5222 (subd. [b]), such intent could have been manifested by express language to that extent. Consequently, unless specifically mandated by statute, counsel fees should not be considered by a court when assessing damages.
Likewise, it is observed that the Statute of Limitations would not be a defense since the stays granted by both the Appellate Division and Court of Appeals tolled the statute, thus making this action timely (CPLR 204, subd. [a]; 214).
On the entire record, judgment is rendered in favor of defendants.