■ C. IRVING SMITH, Appellant, v. AMHERST ACRES, INC., et al., Respondents.— Motion for reargument of appeal, or, in the alternative, for leave to appeal to the Court of Appeals, denied in all respects except that the decision of the court heretofore entered on October 26, 1973 is hereby amended to read as follows: Order unanimously affirmed, without costs. Memorandum: The order of Special Term should be affirmed insofar as it vacated the order to show cause temporarily prohibiting North Forest Apartments, Inc., from transferring a mortgage given to it by CGR Enterprises, Inc. The issue on this appeal is whether the appellant creditor can satisfy a claim against his debtor by levying on an asset owned by a party who owes a debt to the debtor. In this case appellant has attempted to levy upon a mortgage by North Forest Apartments, Inc., a corporation indebted to defendant Amherst Acres, Inc., in the amount of $60,000 and also to enjoin any transfer of the mortgage to respondents LoTempio and others. A creditor may satisfy his claim against a debt or property as the statute provides (CPLR 5201, 6202). He may levy on a debt owed to a defendant by another or property held by another in which a defendant has an interest (CPLR 5202, subd. [a]; 6214, subd. [a]). But

defendant Amherst Acres, Inc. had no property interest in the mortgage held by North Forest and a creditor stands in no better position with respect to property of the garnishee than does his debtor (cf. *M. F. Hickey Co.* v. *Port of New York Auth.*, 23 A D 2d 739). Appellant's only recourse, therefore, was to levy on North Forest's debt to respondent Amherst Acres, Inc. If the garnishee refused to pay the Sheriff the amount of the debt owing to Amherst Acres, Inc., then appellant could institute a special enforcement proceeding directly against the garnishee (CPLR 6214, subd. [d]). Appellant's interference with the mortgage asset of North Forest exceeded its power to reach property to satisfy his claim against Amherst Acres, Inc., and Fago. (Appeal from order of Erie Special Term, removing injunction.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Simons, JJ.