Abraham J. Gellinoff, J.
Motions numbers 159 and 194 of September 26,1975 are consolidated.
Wellington Associates, a partnership, moves for a protective order (CPLR 5240) vacating a restraining notice issued by plaintiff judgment creditor to Chase Manhattan Bank affecting Wellington Associates’ account (CPLR 5222). And, together with others, it moves to vacate subpoenas issued by plaintiff requiring appearance for examination in aid of satisfaction of the judgment obtained in this action (CPLR 5223).
Plaintiff brought the action against defendant Wellington Associates, Inc., a corporation, the then owner of a half interest in the land involved. The relief sought was the vacating of an appraisal of the value of the property, upon which was based the rent to be paid defendant by plaintiff, *779 and an accounting for excess rental payments. This court declared the appraisal invalid (55 Misc 2d 483, affd 28 AD2d 1209, affd 22 NY2d 846), and the parties subsequently stipulated to an appraisal by the court.
Ultimately, a valuation for the land was determined (73 Misc 2d 6, mod 46 AD2d 642, affd 37 NY2d 273), and a judgment rendered for plaintiff in the.sum of $4,446,461.31 for overpayment of rent. The present motions arise from plaintiff’s efforts to collect that judgment.
After entry of judgment, plaintiff discovered that the defendant corporation had long since disposed of the property which was the subject of the litigation, and that title to the property had shifted a number of times between various record owners, which, like the defendant corporation, are owned or wholly controlled by Sol Goldman and the late Alex DiLorenzo. Plaintiff served a restraining notice pursuant to CPLR 5222 upon Chase Manhattan Bank with respect to the account in the name of defendant corporation, only to discover that no such account existed. An account was maintained at Chase Manhattan, however, for Wellington Associates, the movant partnership, which, in a certificate of doing business filed May 1, 1968, was represented by Goldman and DiLorenzo to be "the successor in interest to [defendant] Wellington Associates, Inc.”. Plaintiff thereupon issued the restraining notice here challenged, and, in aid of execution, served the subpoenas sought to be vacated.
CPLR 5222 (subd [b]) authorizes a judgment creditor to serve a restraining notice upon one who, at the time of service "owes a debt to the judgment debtor or * * * is in the possession or custody of property in which he knows or has reason to believe the judgment debtor has an interest, or if the judgment creditor has stated in the notice that a specified debt is owed by the person served to the judgment debtor or that the judgment debtor has an interest in specified property in the possession or custody of the person served. * * * Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs.”
This authority to freeze assets of a judgment debtor was *780 added to the arsenal of judgment creditors because of the "great number of judgments which were never satisfied and those that were satisfied only after years of litigation involving great expenditures of time and money (see Advisory Committee Notes, 12 NY Standard Civil Practice Service, p 59). As a result, enforcement proceedings have undergone extensive changes, including the simplification of examination and restraining procedures which may be utilized without resorting to special proceedings” (Stathopoulos v Seaways Shipping Corp., 66 Misc 2d 607, 609; see, Matter of Sumitomo Shoji New York v Chemical Bank New York Trust Co., 47 Misc 2d 741, 745).
The restraining notice may serve two purposes. First, it may be used independently of other enforcement devices, to prohibit the judgment debtor from disposing of assets, thereby encouraging him to satisfy the judgment (see McKinney’s Cons Laws of NY, Book 7B, CPLR 5222, Legislative Studies and Reports, pp 81-82). Or, the restraining notice may be used in conjunction with other enforcement devices, to "[maintain] the status quo while the judgment creditor seeks a delivery, turnover, or receivership order in what were formerly called supplementary proceedings” (McLaughlin, Civil Practice, 17 Syracuse L Rev 331, 369-370). Plaintiff here has apparently opted for the latter use, and seeks to impose a species of preliminary injunction while pursuing enforcement of its judgment pursuant to CPLR article 52.
Movant partnership, however, urges that it is a stranger to this action, and that the assets frozen by plaintiffs restraining notice are assets of Wellington Associates, the partnership, not those of Wellington Associates, Inc., the defendant judgment debtor. Plaintiff relies in its opposition upon movant’s posture as "successor in interest” of defendant, and insists that the various enterprises owned or controlled by Goldman and DiLorenzo are separate only in form, but that in reality they constitute but one organization.
Plaintiff has submitted documentation establishing a series of transactions by which ownership of various properties has been shifted from one Goldman-DiLorenzo enterprise to another, all apparently without consideration. It has shown that Sol Goldman, in sworn testimony, averred that defendant corporation "is still in business under a partnership now”. And, it has shown that, in its most recent brief in the Court of Appeals, defendant conceded that the various changes in *781 ownership of the relevant property were "not material to this case”. In short, plaintiff has shown, at least prima facie, that movant partnership and. defendant corporation are in fact one and the same, with the sole difference being one of form. This difference is one which the court ought disregard (see Walkovszky v Carlton, 18 NY2d 414; Lieblein v Jay, 61 Misc 2d 874).
In opposition to al] of this evidence, movant does not contest plaintiff’s evidence, but merely responds: "If plaintiff sued the wrong party, or omitted to sue a potential defendant, it cannot use self-help to correct its decision many years after the fact”. This, of course, is beside the point, and does not answer plaintiff’s contention.
Movant’s additional argument, that plaintiff’s sole remedy is a proceeding pursuant to the Debtor and Creditor Law, is likewise meritless. That plaintiff may also proceed in accordance with section 273-a of the Debtor and Creditor Law in no way precludes appropriate proceedings pursuant to CPLR article 52.
The court finds that plaintiff has demonstrated that the assets held by Chase Manhattan Bank are the assets of the judgment debtor, sufficient to warrant the continued restraint of disposition of those assets pending additional enforcement proceedings (see, for example, Michigan Assoc. v Emigrant Savings Bank, 74 Misc 2d 495, 500; cf. Associates Discount Corp. v Island Fed. Sav. & Loan Assn., 60 Misc 2d 754).
In light of plaintiff’s proof, movant’s argument that the restraint, without prior opportunity to be heard, constitutes a taking of property without due process of law (see Fuentes v Shevin, 407 US 67), is specious. Movant partnership, as the alter ego of the judgment debtor corporation, had adequate notice and opportunity to be heard during 10 years of litigation.
Movants finally argue that, pursuant to CPLR 5208, the recent death of Alex DiLorenzo prevents all enforcement proceedings. But, even where applicable, CPLR 5208 only provides that no enforcement procedure "shall * * * be undertaken” after a judgment debtor’s death without leave of the appropriate Surrogate’s Court. It does not nullify such procedures as have already been undertaken at the time of death (see Oysterman’s Bank & Trust Co. v Weeks, 35 AD2d 580). The restraining notice here was issued prior to DiLorenzo’s death, and is therefore unaffected by it.
*782 In any event CPLR 5208 is inapplicable here. No personal assets of DiLorenzo are here involved, merely corporate or partnership assets. Too, while plaintiff seeks, in a limited way, to "pierce the corporate veil” and show that the various Goldman-DiLorenzo enterprises are but one, there has been no attempt to make DiLorenzo, personally, a "judgment debtor”.
Accordingly, the motion to vacate the restraining notice is denied. And, as the above reasoning is equally applicable to the issues raised in the motion to vacate the subpoenas, that motion is likewise denied.