OPINION OF THE COURT
Stanley L. Sklar, J.
Defendant John Doe, an attorney, moves for summary judgment dismissing this action brought against him by a husband and wife whose checking account was erroneously restrained because of a restraining notice served by Doe’s office. Plaintiffs cross-move for summary judgment against Doe. Defendant bank moves for summary judgment dismissing the action as against it.
The applications are consolidated for decision.
The two issues presented are:
1. Is an attorney for a judgment creditor liable for negligently issuing a restraining notice against the bank account of persons other than the judgment debtor, when the judgment debtor does not have any interest in that bank account?
2. Can a bank be liable for complying with a restraining notice requiring the restraint of a designated account of its depositors if the attendant circumstances should place it on notice that an incorrect account was designated?
The questions appear to be of novel impression. They are answered in the affirmative.
The material facts are undisputed.
The City of New York (Parking Violations Bureau) recovered a judgment against Adrienne Walter for $520. Adrienne and her husband, Abraham (a disabled Korean War veteran), reside in a two-family house. They share the house with Abraham’s brother, Leonard, and his wife, Ann.
Adrienne and Abraham were unable to pay the judgment. Leonard wanted to help. He contacted the office of John Doe, an attorney retained to collect judgments for the Parking Violations Bureau. An arrangement was made to pay the judgment in $50 monthly installments. Leonard paid the first installment in April, 1977, by a check on a joint account that he and Ann maintained at the Mariners Harbor branch of Citibank, viz., Account No. 12457921. Doe’s office received the check and noted the account number and bank branch, but failed to note that the check was not issued by the judgment debtor but rather by Leonard and Ann. Whether because the second installment was not paid, or for some other reason, *288 Doe’s office issued a restraining notice, with information subpoena, to Citibank’s Mariners Harbor Branch.
The subpoena recited the entry of a judgment against Adrienne Walter. The restraining notice stated:
"Whereas, it appears that you owe a debt to the judgment debtor or one in possession or in custody of property in which the judgment debtor has an interest:
"Possible checking (Savings) Account #12457921,” and restrained any sale, assignment or transfer of such property or debt. The subpoena was received on June 6, 1977. Citibank placed a hold on Account No. 12457921, which stood in the name of Leonard and Ann. The next day Citibank wrote to Adrienne advising of the receipt of the restraining notice with information subpoena, which resulted from a judgment against Adrienne. Citibank’s letter added that the order re-' quired Citibank "to set aside from your * * * Account Number 1245-7921 the amount of $468.46”. The letter contained additional references to "your account”. No notification was sent to Leonard and Ann.
Citibank, because of the hold that had been erroneously placed on Leonard and Ann’s account, dishonored checks which they had issued to Macy’s, a charity in which Ann had been active, their gardener and, ironically, Citicorp Credit Service.
Leonard visited the bank on June 9 and protested. Citibank’s branch manager released the "hold” on Leonard and Ann’s account, and placed a hold on Adrienne’s joint account with her husband.
Leonard and Ann instituted this action against Doe and Citibank for the damages which they sustained as a result of the restraint of their account caused by the errors of Doe and Citibank.
The defendants urge four grounds upon which they argue that the complaint must be dismissed.
The court notes, parenthetically, that the Doe affirmations, submitted by a party to the action, are not in compliance with CPLR 2106. For purposes of these applications, the court will nonetheless treat them as valid affirmations.
Doe argues that dismissal is required because two necessary elements of a cause of action against him in negligence are missing.
*289 First, he claims that he owed no duty to Leonard and Ann because they were not his clients. He refers to the cases which have held that an attorney is not liable to third parties for the negligent performance of his duties to his client. (See, e.g., Victor v Goldman, 74 Misc 2d 685, affd 43 AD2d 1021.) However, those decisions indicate only that when an attorney is negligent in the performance of his duty to his client, such as failing to prepare a will, a third party (e.g., a prospective beneficiary) who suffers indirect or incidental harm thereby may not maintain an action against the attorney. Other New York cases follow the related rule that the mere bringing of an action does not lay the foundation for a lawsuit by the party sued. (Porterfield v Salian, 7 AD2d 987, affd 7 NY2d 816.) The instant case differs in that the issuance of a restraining notice is an act which is intended to interfere with property rights and its effect is not fortuitous or incidental but is direct and immediate.
Depositors have the right to have their accounts free of unjustified and improper restraints. CPLR 5222 (subd [b]) authorizes the service of a restraining notice upon one other than the judgment debtor "if, at the time of service, he owes a debt to the judgment debtor or is in the possession or custody of property in which he knows or has reason to believe the judgment debtor has an interest, or if the judgment creditor has stated in the notice that a specified debt is owed by the person served to the judgment debtor or that the judgment debtor has an interest in specified property in the possession or custody of the person served.” Doe did not proceed within the authorization of this statute. His office failed to note the names of the owners of the account against which the $50 check was issued. That is, his office failed to take account of facts giving notice that Account No. 12457921 was owned by Leonard and Ann. (Cf. Stathopoulos v Seaways Shipping Corp., 66 Misc 2d 607.) The issuance of the restraining notice despite notice of those facts subjects Doe to liability for any damages caused by the improper restraint.
Doe also claims that dismissal is required because plaintiffs have failed to establish that they suffered any compensatory damages. He errs. Plaintiffs are entitled at least to nominal damages. In addition, the exhibits indicate that they sustained some extra finance charges because of the dishonor of the checks issued to Macy’s. Ann also claims to have suffered emotional distress. The court need not now determine what *290 elements of damage are recoverable. It is sufficient that some damage is recoverable.
Citibank claims that dismissal is required because of the provision of CPLR 5222 (subd [b]) which states: "A judgment creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor, for any damages sustained by reason of the restraint.” It urges that the right and remedy urged by the statute are exclusive, so that an action may be maintained only against the judgment creditor. This court disagrees. The purpose of the statute is to prevent a judgment creditor from serving restraining notices at whim. It was not intended to permit, or encourage lack of care on the part of those seeking to collect the judgment. (Cf. Stathopoulos v Seaways Shipping Corp., supra, pp 608-609.)
Finally, Citibank argues that the complaint must be dismissed as to it because the restraining notice specifically required the restraint of Account No. 12457921. It reasons that it would have been liable to the judgment creditor if it had failed to obey the mandate of the restraining notice. (Mazzuka v Bank of North Amer., 53 Misc 2d 1053; Matter of Sumitomo Shoji N. Y. v Chemical Bank N. Y. Trust Co., 47 Misc 2d 741, affd 25 AD2d 499.) However, at least an issue of fact is present as to whether the bank allowed the mandate of the restraining notice or negligently placed a hold on an account belonging to, and standing in the name of Leonard and Ann, although intending to place the hold on the judgment debtor’s account. Citibank’s argument might be well taken if the notice had listed Leonard and Ann as the owners of Account No. 12457921. Since it did not, one must wonder what the bank would have done if that account had been in the name of a depositor bearing no evident relationship to the judgment debtor. Would a call have been placed to the judgment creditor’s attorney? Banks surely have many instances of deposits maintained by relatives living at the same address. (Cf. Chemical Bank N. Y. Trust Co. v Brown, 63 Misc 2d 341.) Moreover, the facts that Citibank sent notice of the restraint to Adrienne and referred in its letter to "your account” suggest that it believed that it was placing a hold on Adrienne’s account, rather than Leonard and Ann, the record owners of the account. Citibank’s application for summary judgment is denied.
*291 Plaintiffs motion for summary judgment against Doe is granted. Doe’s cross motion for summary judgment is denied.
Settle order on notice. The order shall provide for a severance of the action as to Doe and the scheduling of an assessment of damages against him.