■ PAN AMERICAN WORLD AIRWAYS, INC., Appellant, v CHEMICAL BANK, Respondent. — Order of the Supreme Court, New York County, entered June 3, 1980, unanimousy reversed, on the law, with costs, and the matter remanded for hearing. A judgment in favor of the petitioner was entered in a very substantial sum against Overseas Raleigh Manufacturing, Ltd. The petitioner then served a restraining notice to garnishee upon the respondent bank. The bank acknowledged that it was holding some $5,000 in an account in the name of the judgment debtor. However, several weeks later it notified the petitioner that a further examination indicated that there were no accounts in that name. A telephone conversation explained the conflicting contents of the two letters to the effect that the bank had an account in the name of Overseas Raleigh Manufacturer*s*, Ltd., and that therefore the bank considered the restraining notice ineffective. Immediately thereafter, the bank honored a check for the benefit of Overseas Raleigh Manufacturer*s,* Ltd. At the time that it did so, there was crossing in the mail a letter from the petitioner's counsel demanding that the bank adhere to the restraining notice, and shortly thereafter the petitioner instituted the turnover proceeding which is the subject of this appeal. The only issue on this appeal is whether the bank may adhere to its position that the extremely slight variation of name is a proper basis for it to ignore the restraining notice. CPLR 5222 (subd [b]) provides that a restraining notice "served upon a person other than the judgment debtor is effective only if * * * he is in the possession or custody of property in which he knows or *has reason to believe* the judgment debtor has an interest" (emphasis supplied). On this record a factual issue is presented as to whether defendant bank knew, or had reason to believe, that its depositor and the judgment debtor were of the same equity. In the circumstances, we think the question sufficiently close to warrant a hearing *(Matter of Sumitomo Shoji N. Y. v Chemical Bank N. Y. Trust Co.,* 47 Misc 2d 741, affd 25 AD2d 499). In passing, it ought be noted that if respondent felt that impounding the funds of Overseas Raleigh Maufacturer*s,* Ltd., on the basis of a garnishee directed against Overseas Raleigh Manufactur*ing,* Ltd., might impose liability upon it, it could have applied for a protective order under CPLR 5240 (see *Plaza Hotel Assoc. v Wellington Assoc.,* 84 Misc 2d 777). Concur — Kupferman, J. P., Sandler, Markewich, Bloom and Yesawich, JJ.