OPINION OF THE COURT
Arnold Guy Fraiman, J.
By this application pursuant to CPLR 5225 (subd [b]) and 5227, petitioner State Tax Commission seeks an order directing respondent Operation Open City (Open City) to turn over to it the amount of any debt it owes to respondent Blanchard Management Corporation (Blanchard), a judgment debtor of petitioner. In addition, it seeks an order directing Chemical Bank to turn over to it any moneys held by it on deposit to the credit of Open City.
It would appear that petitioner is owed over $200,000 in taxes by Blanchard, and in November, 1979 and August, 1980 petitioner filed tax warrants reflecting this obligation. By reason thereof, it had a statutory lien as of the date of the filing of the warrants on all property of Blanchard, including property in which Blanchard had an interest. (Tax Law, § 692, subd [d].)
On August 18, 1980 petitioner, having learned that Blanchard had obtained a judgment against Open City in *771 the amount of $17,590 which had not yet been satisfied, served on Open City, pursuant to CPLR 5232 (subd [a]), a tax collector’s levy directing it to transfer to petitioner any property not capable of delivery in which Blanchard had an interest. Before Open City responded to the levy, Blanchard caused the Sheriff to serve on Chemical Bank on September 17, 1980 an execution and levy against Open City’s account at that bank in the amount of Blanchard’s $17,590 judgment. Thereafter, on September 29, 1980, before Chemical had complied with the Sheriff’s levy, petitioner served its tax collector’s levy on the bank. The levy identified Blanchard as petitioner’s judgment debtor but made no mention of Open City, and contained the following statement: “It appears that you are indebted to the above named judgment debtor [Blanchard] or that you are in possession or custody of property not capable of delivery in which you know or have reason to believe that the judgment debtor has an interest.” The levy then directed the bank to transfer any such property to petitioner. Three days later, on October 2, the bank, having concluded that it was neither indebted to Blanchard nor possessed of property in which it had reason to believe Blanchard had an interest, delivered to the Sheriff $17,590 from Open City’s account, pursuant to Blanchard’s levy.
In opposition to the instant application, Open City contends that by reason of the actions of the bank it is no longer indebted to Blanchard, and it has cross-moved against Chemical Bank, contending that if it is liable to petitioner, the bank is liable to it for debiting its account without its consent at a time when the bank had been served with a tax levy by petitioner.
Chemical Bank, in opposition to the application, presents a two-fold defense. First, it maintains that it was neither indebted to Blanchard nor held any property in which Blanchard had an interest. Petitioner does not allege that the bank was indebted to Blanchard, but it* is contended that it was holding property in which Blanchard had an interest, namely, Open City’s bank account. But the fact that Open City was a judgment debtor of Blanchard did not give Blanchard an interest in any specific item of personal property belonging to Open City. Thus, under *772 ordinary circumstances petitioner could not have levied on Open City’s bank account directly (as distinguished from levying on the debt of Open City to Blanchard) because a judgment creditor (petitioner) cannot satisfy its claim against a judgment debtor (Blanchard) by levying on an asset owned by a party (Open City) who owes a debt to the judgment debtor (Blanchard). (Smith v Amherst Acres, 43 AD2d 792.) However, all of this is premised upon the assumption that Blanchard did not by reason of its judgment against Open City, acquire an interest in Open City’s bank account at Chemical Bank. While as indicated, this is ordinarily the case, the situation changed on September 17, 1980 when Blanchard levied against the account to satisfy its judgment. At that point, although title to the account remained with Open City (6 Weinstein-Korn-Miller, NY Civ Prac, par 5202.09), Blanchard acquired an interest in it. Accordingly, when petitioner served its tax levy on the bank on September 29, 1980, the bank was in fact in possession of property in which Blanchard had an interest. If the bank knew or had reason to know this, it was therefore obligated to turn the proceeds over to petitioner, in compliance with its levy. Instead, although petitioner’s levy had priority by reason of petitioner having filed its tax warrants in November, 1979 and August, 1980 (see Tax Law, §692, subd [d]), the bank on October 2, turned the proceeds over to the Sheriff pursuant to Blanchard’s levy.
This brings us to a consideration of the bank’s second defense, which can best be described as a fall-back position. It contends that even if it should be found that Blanchard had an interest in the Open City account, the bank is still not liable for delivering up the proceeds in compliance with Blanchard’s levy because it did not then know or have reason to believe that Blanchard had an interest in the account. This defense is also without merit. While it is true that petitioner’s September 29 levy referred only to Blanchard, which had no account at the bank, and made no mention of Open City, the Blanchard levy was specifically on the Open City account, and, as noted, it was that levy, served on September 17, which gave Blanchard an interest in the account. Thus, at that point the bank knew that *773 Blanchard had an interest in the Open City account, and when, on September 29,12 days later, petitioner served its tax levy which alleged that the bank was in possession of property in which Blanchard had an interest, the bank had reason to believe and was deemed to have knowledge that the property referred to was the Open City account. Thus, it was obligated to comply with the levy and the fact that it erroneously turned the proceeds over to the Sheriff on October 2 does not relieve it of its obligation. Accordingly, the application is granted as against the bank, and it is directed to turn over to petitioner the sum of $17,590.
In view of the foregoing, so much of the application as is addressed to Open City is denied.