OPINION OF THE COURT
Herbert Kramer, J.
An order to show cause was brought in each of the above-captioned matters seeking to vacate a restraining notice issued against a bank account of a person not a judgment debtor.
In one action, the corporate defendants defaulted and judgment was entered accordingly. The causes of action against the remaining individual defendants were severed, as was indicated in the judgment. Thereafter, a restraining notice was served upon the bank account of one such *142 individual who is currently defending. In the second matter, the party whose account was restrained was never a party to the action.
The same attorney appeared on behalf of the judgment creditors in both cases and personally averred that the restraining notices were properly served in each case in accordance with section 278 of the Debtor and Creditor Law, since assets were transferred fraudulently by the defaulting corporate judgment debtors to the accounts subsequently restrained.
The issue presented is whether the bank accounts in question may properly be the subjects of restraining notices issued by an attorney, as an officer of the court, by virtue of the power created by CPLR 5222. CPLR 5222 (subd [a]) provides, “A restraining notice may be issued by the clerk of the court or the attorney for the judgment creditor as officer of the court. It may be served upon any person”. CPLR 5222 (subd [b]) further provides, in pertinent part, that “A restraining notice served upon a person other than the judgment debtor is effective only if, at the time of service, he owes a debt to the judgment debtor or he is in the possession or custody of property in which he knows or has reason to believe the judgment debtor has an interest”. Thus, the statute allows a restraining notice to be used as a hold on funds owed to a judgment debtor. The restraint of a bank account in the name of a judgment debtor therefore, is proper, as bank deposits constitute a debt running from the bank to the depositor.
What is sought here is to extend the creditor’s reach to a third tier. Plaintiff is not seeking to restrain money owed directly to the judgment debtor, but rather money owed to one who in turn is allegedly indebted to the judgment debtor. It is eminently clear that CPLR 5222 does not encompass this step, nor has any case been cited or discovered which would so allow. (Smith v Amherst Acres, 43 AD2d 792.) In fact, the statute allows for damages to one injured by an improper restraint. (CPLR 5222, subd [b]; Stathopoulos v Seaways Shipping Corp., 66 Misc 2d 607; Walter v Doe, 93 Misc 2d 286.)
In defense of his position, judgment creditor asserts that a fraudulent conveyance has been effected here; therefore, *143 the restraints are permissible by virtue of the confluence of CPLR 5222 and section 278 (subd 1, par b) of the Debtor and Creditor Law, which permits a judgment creditor to “Disregard the [fraudulent] conveyance and attach or levy execution upon the property conveyed.” (Emphasis added.) This section does not authorize the issuance of a restraining notice by an attorney. (Cf. Debtor and Creditor Law, § 279, which permits the issuance of a restraining notice by the court, in the case of a nonmatured claim.) These enforcement devices, which tread on thin constitutional ground (see Deary v Guardian Loan Co., 534 F Supp 1178), must be employed with the strictest adherence to statutory requirements. (See Matter of Simon v Bailey, 172 Misc 186; Resinol v Long Is. Asbestos Contr. Co., 26 Misc 2d 956.) In any event, section 278 of the Debtor and Creditor Law is primarily intended to preclude the necessity of exhausting legal remedies before invoking the aid of equity, i.e., proceeding to judgment at law and executing thereupon prior to attacking the fraudulent conveyance. (.American Sur. Co. of N. Y. v Conner, 251 NY 1.)
One court, however, sustained the issuance of a restraining notice against the bank account of one other than the judgment debtor where substantial proof was offered upon the subsequent motion to vacate that the movant partnership whose account was restrained and the judgment debtor were alter corporate entities. (Plaza Hotel Assoc, v Wellington Assoc., 84 Misc 2d 777.) That court opined that the restraining notice was, in effect, a mini-attachment. In the cases at bar, however, the affidavits posit no identity of interest between the judgment debtors and the individuals whose bank accounts were restrained, nor have fraudulent conveyances been established. Thus, there is no certainty of the debt. (CPLR 5201, subd [a]; Colonial Press of Miami v Bank of Commerce, 71 Misc 2d 987 [App Term, 1st Dept].) In sum, no event or condition which would justify the issuance of these restraining notices has been set forth.
The statutory scheme of CPLR article 52 does provide a mechanism for achieving the result sought by the judgment creditor herein. CPLR 5225 (subd [b]) specifically authorizes the commencement of a special proceeding against a transferee of money or other personal property *144 from the judgment debtor. (Smith v Amherst Acres, 43 AD2d 792, supra.)
It can only be concluded, both on the basis of the statutory scheme of enforcement proceedings and the extreme paucity of factual support for the issuance of the restraining notices, that no basis in law or fact existed for their issuance. Yet each was in fact issued, each did in fact restrain a bank account and each must be and hereby is vacated.
This commends our attention to a serious issue underlying the matters at hand. This court is most distressed by an attorney’s deliberate use of an improper enforcement technique which requires an innocent party to obtain an attorney or worse, impels him, unaided by counsel, to agree to a cash settlement to release a checking account.
An attorney is authorized to issue an income execution or restraining notice in his capacity as an officer of the court. The statute does not acquiesce in the issuance of an enforcement device by an attorney under CPLR article 52 merely by virtue of his rite of passage. Rather, it contemplates a standard of practice encompassed by the phrase “officer of the court” which comports with both his educational attainment and the ethical considerations promulgated by the New York State Bar Association.
Significantly, the authority granted by the CPLR permitting an attorney to issue process of the court ás an officer thereof is not found in other statutes, as for example RPAPL 731, which allows an attorney to issue a notice of petition, and CPLR 2302, which authorizes the issuance of a subpoena, without the appellation “officer of the court.” Thus, when an attorney acts as an officer of the court, notwithstanding his obligation to his client, he is duty-bound to act with the same independence and impartiality presumed of, and in fact required of, a clerk, Judge, referee or administrator. (See Jamaica Sav. Bank v Florizal Realty Corp., 95 Misc 2d 654, citing Decker v Gardner, 124 NY 334; cf. Public Officers Law, § 28, which designates certain court appointees as public officers.) It should be further pointed out that the officer of the court designation of an act subjects impropriety to the application of civil contempt proceedings under section 753 of the Judiciary Law.
*145 The ramifications of the issuance of a restraining notice by an attorney as officer of the court must be examined. That this court vacates the notices is not determinative of the issue. Rather, the question is whether the restraining notices issued with any color of propriety.
The standard for issuance of a restraining notice by an officer of the court is the same or similar to that of an ex parte application before the court. There must be a prima facie showing of the right to relief. Furthermore, this court believes that an officer of the court, in this regard, is somewhat akin to a Judge or other adjudicatory official. Specifically, his adversarial status may not affect a judgment as to issuance. The right to issue is the grant of a trust and a revocable privilege.
This court finds the privilege improperly utilized and thus vacates each restraining notice. The court further removes the privilege of restraint except by order of this court pursuant to CPLR 5240, which authorizes court supervision of enforcement proceedings upon the court’s own motion. Finally, no enforcement proceeding may be issued without leave of court.