■ BLUE GIANT EQUIPMENT CORPORATION, Appellant, v TEC-SER, INC., et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Pitt, J.), entered May 3, 1982 in Rensselaer County, which vacated the restraining notices served by plaintiff. In 1980, plaintiff commenced an action against defendant Tec-Ser, Inc. (Tec-Ser), and in July, 1981, recovered judgment for $9,314. Meanwhile, in early 1981, Tec-Ser's physical assets were liquidated, and on May 22, 1981, it assigned its intangible assets, including accounts receivable and the proceeds of all pending litigation on those accounts, to defendant Christine Young, the wife of the president of Tec-Ser.

After conducting postjudgment examinations of Tec-Ser, plaintiff commenced a separate action to set aside the assignment to Christine Young as a fraudulent conveyance. Shortly thereafter, plaintiff served a letter and restraining notice under CPLR 5222 on all litigants in actions relating to Tec-Ser's accounts receivable. Defendant Christine Young then moved to vacate the restraining notices. Special Term granted the motion to vacate, and this appeal ensued. In our view, Special Term erred in granting vacatur of plaintiff's restraining notices. It based that determination on two grounds. The first was that by the assignment of the accounts receivable to Christine Young, Tec-Ser, the judgment debtor, had totally divested itself of any property interest in the accounts. Therefore, Special Term reasoned, the notices were ineffective because there was no one upon whom they were served who "owes a debt to the judgment debtor" or "is in the possession or custody of property in which * * * the judgment debtor has an interest" (CPLR 5222, subd [b]). Plaintiff's papers, however, make out a prima facie case showing that the assignment of Tec-Ser's accounts receivable was not made in good faith or for adequate consideration. Therefore, plaintiff has the option of ignoring the conveyance of Tec-Ser's interest and pursuing its remedies to enforce its judgment, including the device of service of restraining notices (*Plaza Hotel Assoc. v Wellington Assoc.,* 84 Misc 2d 777, 781; Siegel, New York Practice, § 488, p 659).[*] To the extent that an issue of fact exists concerning the judgment debtor's continued interest in the accounts, that is resolvable in a hearing before Special Term. The second reason advanced by Special Term was that because plaintiff had asserted that the assignment was a fraudulent conveyance and had brought a plenary action to set it aside under section 278 of the Debtor and Creditor Law, attachment in the second action pursuant to CPLR article 62 was its proper remedy. This ground is equally unavailing. Unquestionably, plaintiff had the remedy of seeking an attachment in its fraudulent conveyance action. Section 278 (subd 1, par b) of the Debtor and Creditor Law clearly provides, however, that a judgment creditor has the alternate remedy to "[d]isregard the conveyance and * * * levy execution upon the property conveyed" (see, also, Siegel, New York Practice, § 488, p 659, n 8). In pursuance of its right to levy execution on its judgment in the first action, plaintiff also had the right to employ the device of a restraining notice to preserve the property upon which it sought to execute (*Plaza Hotel Assoc. v Wellington Assoc.,* 84 Misc 2d 777, 781, *supra*). That this was plaintiff's intent is shown by the fact that the restraining notices contained the caption of the original action, as well as that of the subsequent fraudulent conveyance action. Bringing the subsequent plenary action to set aside the alleged fraudulent conveyance likewise did not preclude its using the remedies provided for under CPLR article 52 for enforcement of the judgment in the original action (24 NY Jur, Fraudulent Conveyances, § 121, p 546). Finally, as an additional ground for sustaining the vacatur, defendant Christine Young challenges the procedures for issuing a restraining notice under CPLR 5222 as violative of procedural due process. However, she failed to raise this objection at Special Term. For this reason, and additionally because the Attorney-General accordingly was not put on notice of the challenge (CPLR 1012, subd [b]), we decline to consider the issue initially on appeal. For all of the foregoing reasons, the order of Special Term should be reversed and the matter remitted to Special Term for further proceedings not inconsistent herewith, at which defendant may raise any and all or additional objections to the validity of the restraining notices and the procedures used for issuing the

---

[*] In *Save Way Oil Co. v 284 Eastern Parkway Corp.* (115 Misc 2d 141), a contrary result was reached; however, in that case, it appears that there was no substantial showing by the judgment creditor that the transfer was a fraudulent conveyance.

same. Order reversed, on the law and the facts, with costs, and matter remitted to Special Term for further proceedings consistent herewith. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

