■ MOHAWK LEATHER COMPANY, INC., Respondent, v MARINE MIDLAND BANK, N. A., Defendant, and SUPERIOR LEATHER COMPANY, INC., et al., Appellants.—Harvey, J. Ap-

peals from two orders of the Supreme Court at Special Term (Brown, J.), entered August 21, 1985 in Montgomery County, which denied motions by defendants Superior Leather Company, Inc. and Sidney Sherwin for summary judgment dismissing the complaint against them.

In March 1982, defendant Superior Leather Company, Inc. (Superior Leather) obtained a judgment in the amount of $45,317.95 against Lipman Split Corporation (Lipman). Defendant Sidney Sherwin, an attorney acting on behalf of Superior Leather, had an information subpoena and restraining notice served upon defendant Marine Midland Bank, N. A. (Marine Midland). In addition to restraining money owed by the judgment debtor, Superior Leather sought to restrain the funds of plaintiff, a corporation closely linked to Lipman against whom no judgment had been obtained. Subsequently, Marine Midland refused payment on a check drawn by plaintiff despite the fact that plaintiff had ample funds in its account.

Plaintiff then commenced this action alleging wrongful dishonor of its check by Marine Midland, false and fraudulent representations by Superior Leather and Sherwin, and conspiracy by all defendants to compel it to pay Lipman's debt. Following the commencement of the instant action, Superior Leather successfully established, in an application pursuant to CPLR 5225 and 5227, that plaintiff had engaged in fraudulent transfers with Lipman. Plaintiff was thus determined to be liable on the $45,317.95 debt owed by Lipman to Superior Leather. This court affirmed that determination (see, Matter of Superior Leather Co. v Lipman Split Co., 116 AD2d 796). Superior Leather and Sherwin then separately moved for summary judgment dismissing the present action on the ground that it was barred by the doctrine of res judicata. Special Term denied the motions and Superior Leather and Sherwin have appealed.

We affirm. At the time Superior Leather and Sherwin sought to restrain the funds of plaintiff, they did not have a judgment against plaintiff (see, Save Way Oil Co. v 284 Eastern Parkway Corp., 115 Misc 2d 141), nor had they commenced an action against plaintiff and made a prima facie showing that either fraudulent transfers had occurred or that plaintiff and the judgment debtor were alter corporate entities (see, Blue Giant Equip. Corp. v Tec-Ser, Inc., 92 AD2d 630; Plaza Hotel Assoc. v Wellington Assoc., 84 Misc 2d 777, 781). Indeed, it is not even clear from the records whether plaintiff was afforded any notice that its funds were being restrained. Plaintiff, in its complaint, has made a prima facie showing that Superior

Leather and Sherwin used the restraining notice in an unauthorized fashion. Although subsequent developments have shown that plaintiff was liable to Superior Leather, we find no authority for applying a retroactive application to exclude plaintiff, as a matter of law, from attempting to prove defendants' alleged overreaching use of CPLR 5222 and any damages that may have accrued therefrom. To so exonerate defendants in this action would undoubtedly encourage future speculative use of restraining notices. Such use of restraining notices would be of dubious validity under the due process requirements of the State and Federal Constitutions. *(see, Fuentes v Shevin,* 407 US 67; *Warren v Delaney,* 98 AD2d 799).

Orders affirmed, with costs. Kane, J. P., Main, Weiss, Levine and Harvey, JJ., concur.